## ANDREAS LANGBEIN V. THE STATE.

1. There is nothing in Chapter 65 of the Acts of 1870 incompatible with Article 3292 of Paschal's Digest, which allows a party on trial before a justice of the peace to waive his constitutional right of trial by jury.
2. The overruling of a motion for a new trial is a prerequisite to an appeal from a judgment of a justice of the peace to the District Court.
3. Section 17 of Article 5 of the Constitution gives justices of the peace jurisdiction over all offenses of a lower grade than felony, and aggravated assault is included within this class.
4. The District Court might have allowed the appellant to prosecute the appeal notwithstanding it was improperly taken, if no objection thereto was interposed.
5. Judgments of the District Courts rendered in cases appealed from justices' courts are final, and a further appeal to the Supreme Court is not allowable.

APPEAL from Kendall. Tried below before the Hon. I. N. Everett.

The opinion states the facts.

*Chandler, Carleton & Robertson,* and *Altgelt & Portis,* for the appellant.

*William Alexander, Attorney-General,* for the State.

WALKER, J. The appellant in this case was charged with an aggravated assault; was arrested and taken before a justice for examination. The record informs us that the defendant waived all pleadings, and that the justice entered for him the plea of not guilty. On an examination of the cause, the justice seems to have become satisfied that the defendant was not guilty of an aggravated assault, but was guilty of an assault and battery. No jury was demanded. The justice, finding the defendant guilty of an assault and battery, assessed a fine against him of twenty-five dollars and costs of suit. No motion was made for a new trial, but an appeal was attempted to be taken to the

District Court.  The case being called for trial, the defendant, by his attorney, moved to quash the appeal and dismiss the suit.  This motion was granted, but the court doubtless entered a judgment somewhat different from that anticipated by the attorney.  The judgment of the court seems to be to the following effect:  " This cause being called for trial, came the " State, by the District Attorney, and the defendant in person " and by attorney, and thereupon came on to be heard the plea of " the defendant to the jurisdiction of the court, and the court, " after considering the same, and hearing the argument of " counsel, ordered that the defendant's plea be overruled, to " which defendant excepted ; and it further appearing to the " court from the record in the cause, that the defendant has not " lawfully perfected and taken any appeal to this court, it is " ordered and adjudged by the court that this appeal be dis- " missed, and that the clerk of this court return the papers in " this cause to the justice of the peace who tried said cause, and " that said justice be ordered to execute the judgment hereto- " fore rendered.  And that the State of Texas do have and re- " cover from the defendant all costs in this behalf expended ; " from which ruling the defendant in open court gave notice " of appeal."

This record discloses some very extraordinary practice.  A party is arrested for a misdemeanor, stands mute, is fined by the justice, appeals to the District Court, and when the case is called on his own appeal, pleads to the jurisdiction of the court, moves to quash the appeal, and this is done, and he attempts to appeal from this last judgment of the District Court to this court.  If the District Court had no jurisdiction of the case, it is difficult for us to discover how we obtain jurisdiction, as our jurisdiction, if we have any, must be appellate.  But the appellant's counsel offer us an argument to convince this court that grave errors were committed by the justice of the peace, who fined this man for an assault and battery. This may be true, and yet the errors are not apparent to us.  By the act of February 15th, 1858, Article 3292, Paschal's

Digest, a party on trial before a justice of the peace could waive his constitutional right of trial by jury; and there is nothing in the Justices' Act of 1870 taking away this right. The record of the proceedings in the justice's court, though very vague and somewhat uncertain, leaves this a reasonable presumption. By Section 25 of the act of August 13, 1870, it will be seen that a prerequisite to an appeal from a justice's judgment is the overruling of a motion for a new trial. Here it does not appear that any such motion was made or overruled. For this reason, then, the appeal was improperly taken. The so called "*appeal bond*" is more in the nature of an appearance bond than a bond for appeal, and does not comply with the statutory requisition of the latter, neither in terms nor condition.

A question is raised upon the briefs, of some importance, which really does not rise upon the record. It is claimed that the justice had no final jurisdiction in this case, and we are referred to different sections of the Constitution in support of the argument. Section 7 of Article 5, gives the District Court original jurisdiction of "*all* criminal cases," and of other causes of action where the matter in controversy amounts to one hundred dollars or more, exclusive of interest. This clearly enough implies that the District Court may not have original jurisdiction in matters of less magnitude. Section 17 of the same Article of the Constitution clearly and explicitly provides that all offenses of a less grade than "felony" may be prosecuted before justices of the peace or other inferior tribunals. Section 20 of the same Article of the Constitution declares that justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law. This implies a power in the Legislature to confer on justices of the peace any jurisdiction not prohibited elsewhere by the Constitution. What, then, is wanting in the power of the Legislature to confer the jurisdiction claimed and exercised by the justice of the peace in this case? Nothing whatever; and the Legislature has conferred the power. Under the circumstances we discover no

error in the ruling of the District Court. Had the appellant seen proper to prosecute his appeal in that court, the court, no objections being made, might have allowed' him to do so, although he had not entitled himself to an appeal. But after appealing to the court, he then denied its jurisdiction. There was certainly great levity, to say the least, in such practice. Under Section 12, page 98, General Laws of 1870, this appeal must he dismissed; which is accordingly done.  ·

Dismissed.