[No. 2338.]

MAURICE MOORE *v.* THE STATE.

1. PRACTICE—JURY LAW IN MISDEMEANOR CASES—CONSTITUTIONAL LAW.
—The constitutional rule which prohibits non-jury trial in felony cases, even upon the plea of guilty, does not extend to misdemeanor cases.

2. SAME—CASE STATED.—Article 535 of the Code of Criminal Procedure provides as follows: "A plea of guilty in a case of misdemeanor may be made either by the defendant or his counsel in open court, and in such case the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon evidence or without it, at the discretion of the court." In this case the defendent pleaded guilty to the misdemeanor charged against him, waived a jury, submitted his case to the court, and asked the court to assess his punishment, either with or without evidence, in its discretion. The State objected and demanded a jury, which was granted by the trial court. The defendant refusing to participate in the selection of the jury, the State completed the panel, read the complaint and called upon the defendant for his plea. Defendant standing mute the plea of not guilty was entered for him, and the case proceeded to trial before the jury, and to conviction. *Held*, that article 535 of the Code of Criminal Procedure is constitutional and confers the right attempted to be exercised by the defendant in this case, and the action of the trial court, nullifying the defendant's plea of guilty and waiver of a jury, and forcing him to a trial before a jury, was erroneous. See the opinion *in extenso* on the question.

APPEAL from the County Court of Travis. Tried below before the Hon. Z. T. Fulmore, county judge.

The conviction in this case was for an aggravated assault and battery upon the person of Thomas Riley, in Travis county, Texas, on the sixteenth day of July, 1886. The penalty assessed against the appellant was a fine of three hundred dollars, and confinement in the county jail for the period of one year.

The question upon which this appeal is disposed of renders a statement of the facts unnecessary.

*Walton, Hill & Walton,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This prosecution, which was for a

misdemeanor—an aggravated assault and battery—was by information filed in the county court.

When the case was called for trial the following proceedings were had:

1. The defendant plead guilty, waived a jury, and asked the court to assess the punishment with or without evidence, as the court in its discretion saw proper.

2. The State objected to this movement and called for a jury.

3. Defendant insisted on his right to plead guilty, and claimed that it was his legal right on this plea to have the punishment assessed by the court.

4. The court overruled defendant's insistings, and granted the claim for a jury by the State, and ordered the jury list to be tendered.

5. Defendant declined to participate in the selection of a jury.

6. The State selected the jury and read the complaint and called on defendant for his plea.

7. Defendant stated that he pleaded guilty to the court, waived a jury, and asked the court to assess the fine, with or without evidence, but as to plea to the jury he stood mute.

8. The court thereupon caused the plea of not guilty to be entered for him.

9. The trial proceeded, and resulted in a verdict and judgment of conviction, the punishment assessed being a fine of three hundred dollars, and one year's imprisonment in the county jail.

The first question for solution is, had the defendant the right to waive a jury, plead guilty, and submit the case to the decision of the court without the intervention of a jury? And second, if he had such right, was it in the discretion or power of the court to deny him the exercise of the right, or to ignore, disregard and set it aside after he had availed himself of such right?

Our Constitution provides that "in all criminal prosecutions the accused shall have a speedy public trial by an impartial jury." (Const., Art. 1, Sec. 10.) And by Section 15 it is declared that "the right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

In our code the Legislature has provided that "no person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded." (Code Crim. Proc., Art. 22.)

Opinion of the court.

Again: "The defendant to a criminal offense may waive any right secured to him by law except the right of trial by jury in a felony case." (Code Crim. Proc., Art. 23.) A plea of guilty in a felony case must be made in open court, and by defendant in person, and a jury shall be impaneled to assess the punishment. (Code Crim. Proc., Arts. 534, 518, 519.) Such is the law with regard to felony cases.

As to misdemeanors, on the other hand, it is expressly provided that "a plea of guilty in a case of misdemeanor may be made either by the defendant or his counsel in open court, and in such a case the defendant or his counsel may waive a jury, and the punishment may be assessed by the court, either upon evidence or without it, at the discretion of the court." (Code Crim. Proc., Art. 535.) Is this provision of the statute violative of the constitutional provisions above quoted? Such was the law before the Constitution was adopted, and this provision of the Constitution was adopted with a knowledge of the existence of the law. (Langbein v. The State, 37 Texas, 162.)

"In all the Constitutions of this country the jury trial is spoken of as 'a right,' and in general the terms are not such as to show that the law makers intended that a jury should be a *sine qua non* to a lawful trial. It would appear to be the better view that the sense in which such expressions as 'the right of trial by jury shall remain,' etc., or similar language, are used is that the right of a defendant to such a mode of trial *shall not be withheld from him against his consent;* not that a jury trial is in any case a necessity." (5 Crim. Law Mag., p. 776, citing 5 Ga., 194; 14 Ill., 171; 1 Edw. N. Y., 386; 67 Ga., 723.) As before seen, however, under our statute it is a *sine qua non* in a felony case.

Discussing the constitutional guaranty for a jury trial, Mr. Bishop says: "This constitutional right must necessarily in some degree be under legislative regulation and control, though the substance of it can not be impaired."   *   *   *   *
So, if a statute authorizes the court to try, with the consent of defendants, their cases without a jury, a defendant who thus consents and is thus tried has thereby waived his rights, and he can not complain. Such waiver must be personal; the defendant's attorney, not specially empowered, can not make it." (1 Bish. Cr. Pr., third ed., sec. 893.)

Mr. Wharton, in his Pleading and Practice (eighth ed.), section 733, concedes that a defendant can by express statutory authority waive his right to a trial by jury on a plea of not guilty.

We are of opinion that our statute (Code Crim. Proc., Art. 535, *supra*), allowing a waiver of jury trial in misdemeanors is not in conflict with our Constitution, and that it was intended to confer a privilege and right upon a defendant in such cases, where he desired to enter a plea of guilty to the charge preferred against him, to have the court assess his punishment.   His right to such mode of trial is a personal privilege and right, and in as much as it is directly and expressly accorded him by law, we do not see how he can be deprived of the same or be refused it when it is demanded by him, any more than he can be deprived of any other valuable right or privilege accorded by law.   The right to be tried by the court alone may be as invaluable, in the opinion of defendants in some misdemeanors and under some circumstances as is the trial by jury in lower grades of felony.   In misdemeanors, on a plea of guilty, the law provides thus for two modes of trial in fact, and it seems to us, from the wording of the statute, that it was intended to confer upon the defendant who pleads guilty alone the right of selecting the mode of trial.

Having permitted defendant to avail himself of his right in the first instance, the court certainly had no right to force him to withdraw his plea or to plead not guilty to a jury.

We will not discuss the other questions presented by the bills of exceptions, as they are not deemed of material importance.

Because the court deprived defendant of his right to have his case tried upon his plea of guilty by the court, without a jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 27, 1886.