**Ralph YARBOROUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–97–00604–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 22, 1998.

Jean M. Rader, Houston, for Appellant.

Michael J. Guarino, B. Warren Goodson, Jr., Galveston, for Appellee.

Before COHEN, HEDGES, and TAFT, JJ.

## OPINION

TAFT, Justice.

A municipal court convicted appellant, Ralph Yarborough, for violating a Clear Lake Shores' trash ordinance and assessed a $500.00 fine. Appellant appealed to county court, where his trial de novo resulted in the same conviction and fine. We address whether the trial court erred by denying appellant's request for a jury trial. We reverse.

### Facts

Appellant was issued a citation for violating Clear Lake Shores City Ordinance No. 12–88. This ordinance prohibits weeds, brush, rubbish, and other unsightly or unsanitary matter on property within the city. The municipal court fined appellant $500.00 for this violation. Appellant posted bond and appealed the municipal court conviction to the Galveston County Court at Law No. 2. The reporter's record reflects that on the day of trial de novo, appellant appeared pro se and informed the trial court that his attorney was in the hospital. After hearing from the State that appellant had previous continuances, the trial court ordered the case to proceed. When appellant requested a jury trial, the trial court refused the request and ordered the trial to proceed before the bench. The record does not reflect that appellant waived his right to jury trial, although language in the judgment erroneously states he did.

### Right to Jury Trial

In his first point of error, appellant contends the trial court erred in overruling his request for a jury trial. Appellant maintains the right to a trial by jury, asserted prior to submission of evidence, is inviolate and unchangeable under the laws of the State of Texas. Appellant relies upon article I, section 15 of the Texas Constitution, which provides, "The right to a jury trial shall remain inviolate." TEX. CONST. art. I, § 15. More to the point are article I, section 10, of the Texas Constitution, and article 1.05 of the Texas Code of Criminal Procedure, which provide, "In *all* criminal prosecutions, the accused shall have a speedy public trial by an impartial jury" (emphasis added). TEX. CONST. art. I, § 10; TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977). The defendant in a misdemeanor case has the same right to a trial by jury as a defendant charged with a

felony. *See Samudio v. State*, 648 S.W.2d 312, 313 (Tex.Crim.App.1983).

The State concedes that trial by jury is mandatory unless properly waived *for criminal offenses punishable by imprisonment*, but argues that appellant is charged with a petty offense with a range of punishment that does not include imprisonment. The State maintains that the sixth amendment of the United States Constitution does not guarantee the right to a trial by jury for such offenses. While the State's argument might have merit were we addressing only federal constitutional law issues, it ignores appellant's state constitutional argument.

 Federal constitutional safeguards are applicable to the states, but they establish only a minimum standard; state courts are not limited to those standards in interpreting state rights. *Olson v. State*, 484 S.W.2d 756, 762 (Tex.Crim.App.1972). The states may go further and provide even greater safeguards. *Id.* Indeed, the states are free to reject federal holdings, provided state action does not fall below the minimum standards provided by federal constitutional protections. *Heitman v. State*, 815 S.W.2d 681, 682 (Tex.Crim.App.1991) ( citing *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967)). Similarly, a state is free, as a matter of its own law, to impose greater restrictions on state activity than those the United States Supreme Court mandates under federal constitutional standards. *Heitman*, 815 S.W.2d at 683, citing *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). Finally, it is unquestioned that the states have plenary power to enlarge constitutional guarantees on the basis of state law. *Olson*, 484 S.W.2d at 763.

 By constitution and statute, Texas has firmly established a right to jury trial in all criminal proceedings, regardless of punishment. Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977); *see Franklin v. State*, 576 S.W.2d 621, 623 (Tex.Crim.App.1978). Accordingly, we hold that the trial court erred in not granting appellant's request for a jury trial.

 We further conclude that the trial court's error requires reversal. Certain con-

stitutional errors have been recognized as "structural errors" that are exempt from harmless error analysis. *Ex parte Fierro*, 934 S.W.2d 370, 372 (Tex.Crim.App.1996). "Structural errors" include: total deprivation of counsel at trial, a biased judge, unlawful exclusion of members of the defendant's race from a grand jury, denial of the right of self-representation at trial, and denial of the right to a public trial. *Ex parte Fierro*, 934 S.W.2d at 372.

We believe the denial of the right to jury trial is obviously of the same magnitude. As Justice Scalia recognized in *Sullivan v. Louisiana:*

> The right to jury trial reflects ... "a profound judgment about the way in which law should be enforced and justice administered." ... The deprivation of that right, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as "structural error."

*Sullivan v. Louisiana*, 508 U.S. 275, 283, 113 S.Ct. 2078, 2083, 124 L.Ed.2d 182 (1993) (quoting *Duncan v. Louisiana*, 391 U.S. 145, 155, 88 S.Ct. 1444, 1451, 20 L.Ed.2d 491 (1968)).

 We conclude that denying appellant a jury trial is "structural error" that is not subject to harmless error analysis. Accordingly, we sustain appellant's first point of error.

Because of this disposition, we need not address appellant's second point of error, in which he complains of failure to obtain written waiver of his right to a jury trial, and thus decline to address it.

### Conclusion

We reverse the trial court's judgment and remand for a new trial.