In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00258-CR
______________________________


JESSE WADE HOLT, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 204th Judicial District Court
Dallas County, Texas
Trial Court No. F-0500830-UQ


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Jesse Wade Holt appeals his conviction by a jury for aggravated assault


 and evading arrest.


 
While detained for traffic violations, Holt backed his truck into a car being driven by Officer Donald
Dockins. In the process of backing up, Holt swerved his truck toward Dockins, who was standing
in front of the car on the driver's side. Holt then fled the scene and was eventually apprehended after
colliding with another police car. The trial court assessed punishment at twenty-five years for the
evading arrest conviction and forty-five years for the aggravated assault conviction. On appeal, Holt
raises four issues. Holt contends 1) the evidence is legally insufficient, 2) the evidence is factually
insufficient, 3) the sentences are grossly disproportionate under the Eighth Amendment, and 4) the
sentences are grossly disproportionate under Article I, Section 13 of the Texas Constitution. We
affirm the judgment of the trial court.
The Evidence is Sufficient
            In his first and second points of error, Holt argues the evidence was legally and factually
insufficient to support his conviction for aggravated assault.


 According to Holt, the State could not
have met its burden of proof because the evidence showed Holt turned his wheels to avoid striking
Officer Dockins. Holt contends the photographs of the damage to Holt's truck and Dockins' car, as
well as the testimony concerning his maneuver around Officer Frank Pontillo's car, establish that
Holt was attempting to avoid striking either car. In addition, Holt attacks the evidence as being
insufficient to prove Dockins was in fear of imminent bodily injury.
            In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the court to view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000). In our review, we must evaluate all of the evidence in the record, both
direct and circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999). 
            In a factual sufficiency review, the appellate court views all the evidence in a neutral light
and determines whether the evidence supporting the verdict is too weak to support the finding of
guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that the
beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004); see Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004). 
            To prove the offense of aggravated assault as alleged in the indictment, the State was required
to prove Holt committed an assault and used or exhibited a deadly weapon during the commission
of the assault. See Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2005). An assault, as defined in
Section 22.01 of the Texas Penal Code, is committed when the actor threatens another with
imminent bodily injury. Tex. Pen. Code Ann. § 22.01(a)(2) (Vernon Supp. 2005). 
            When Dockins observed Holt squeal the tires on the truck he was driving, leaving behind
white smoke, and "peel out" of a parking lot onto a major street, Officer Dockins followed Holt. 
Dockins was on his lunch break and driving an unmarked car. Although Holt sped through the
neighborhood, he did stop at each stop sign and then "peeled out." Dockins radioed the police
dispatcher to request backup, which he always did when in an unmarked car. Dockins followed Holt
to the Foxwood Apartments. Holt turned left into the apartment complex and drove over several
speed bumps at about twenty miles per hour. Holt then proceeded to drive around the complex at
speeds up to forty miles per hour. In the meantime, Officer Pontillo responded to Dockins' request
for assistance. As Holt approached Pontillo's marked patrol car, "[h]e immediately turned left
through the parking lot" and "started traveling north" at a high rate of speed. Pontillo followed on
a parallel exterior street. When Holt passed a second entry point to the apartment complex, he
avoided Pontillo by continuing around the complex at a high rate of speed. 
            Eventually, Holt stopped at the end of the apartment complex where there was no entry or
exit point. Officer Pontillo stopped, straddling the center lane on the exterior street. Holt had driven
partially over a grassy berm and sidewalk separating the apartment complex and the exterior street
where Pontillo had stopped. Pontillo was parked perpendicular to Holt's truck facing the truck. 
Officer Dockins parked his unmarked car four or five feet behind Holt's truck and exited his vehicle
with his weapon at his side. Dockins and Pontillo testified Dockins yelled, "Police. Turn off the
vehicle."


 At this point, Dockins approached Holt's vehicle. Dockins testified he was unsure
whether Holt could see his badge, but did not think Holt could see his weapon. Dockins testified
he and Holt made eye contact in Holt's rearview mirror. 
            At this point, Holt put his truck in reverse, squealed his tires, and backed into Officer
Dockins' unmarked car. Dockins testified Holt turned while backing up toward where Dockins was
standing in front of the unmarked car on the driver's side. Dockins testified that, if Holt had backed
straight, he would have only needed one step to get out of the way. Because Holt turned as he
backed, Dockins had to jump out of the way. Dockins testified that he would have been "crushed"
if he had not jumped out of the way and that Holt's actions placed him in fear of imminent bodily
injury. Officer Pontillo fired several shots at Holt as he backed toward Dockins. Holt's truck ended
up on the top of Dockins' car, with the rear wheels resting on the bumper. 
            Holt then leaned down in the truck, drove over the median, and sped off, turning right just
enough to miss Officer Pontillo's car. Pontillo pursued Holt. Holt led Pontillo on a high-speed chase
during which Holt ran two red lights, drove over another median, and was eventually detained after
colliding with Pontillo's patrol car, penning Pontillo in the car. During the high-speed chase, the
officers were informed by the dispatcher that the truck being driven by Holt was stolen. 
            Viewed in a light most favorable to the State, a rational juror could have found beyond a
reasonable doubt all the essential elements of aggravated assault. A rational juror could have found
Holt intentionally or knowingly placed Officer Dockins in fear of imminent bodily injury. A rational
juror could have also found that Holt used the truck he was driving in such a manner as to constitute
a deadly weapon. The evidence is legally sufficient. 
            Viewing the evidence in a neutral light, the evidence is factually sufficient. We are unable
to conclude that the evidence supporting the verdict is too weak for the State to have met its burden
of proof. As discussed above, the jury was presented with evidence that Holt turned his truck toward
Officer Dockins, rather than away from Dockins, after making eye contact with the officer. Further,
the evidence contrary to the verdict is not strong enough that the State could not have proven Holt
guilty beyond a reasonable doubt. Photographs show that the damage to the truck being driven by
Holt is on the passenger side bumper, and the damage to Dockins' car is on the passenger side hood. 
Even if the photographs constitute evidence Holt was attempting to avoid striking Dockins, the
photographs of the damage are not strong enough evidence Holt was trying to avoid Dockins that
the State could not have met its burden of proof. The jury, as the trier of fact, is the sole judge of
the credibility of the witnesses and of the strength of the evidence. Fuentes v. State, 991 S.W.2d
267, 271 (Tex. Crim. App. 1999). The evidence is factually sufficient. We overrule Holt's first and
second points of error.
The Sentences are not Grossly Disproportionate
            In his third and fourth points of error, Holt argues his sentences are grossly disproportionate
under the Eighth Amendment and Article I, Section 13 of the Texas Constitution. Holt argues that
his age, history of drug abuse, and medical disorders indicate the sentences of twenty-five years and
forty-five years are disproportionate penalties. Holt was thirty years old when he committed these
offenses. In addition, Holt has been diagnosed with long-standing substance abuse, Bi-Polar II
Disorder, and a borderline personality disorder. Dr. Ricki Marshall, a psychologist, testified he
believes Holt has been self-medicating depression caused by the bi-polar disorder through drug
abuse. Dr. Marshall testified that Holt's bi-polar disorder causes him to engage in impulsive
behavior that can be "very self-defeating." 
            Holt urges this Court to hold the Texas Constitution provides greater protection against
disproportionate sentences. The Texas Constitution can afford greater protection than its federal
counterpart. See Cooper v. California, 386 U.S. 58, 62 (1967); Autran v. State, 887 S.W.2d 31, 36
(Tex. Crim. App. 1994); Yarborough v. State, 981 S.W.2d 846, 848 (Tex. App.—Houston [1st Dist.]
1998, pet. ref'd). However, we decline to conclude the Texas Constitution provides greater
protection concerning whether the sentence is unconstitutionally disproportionate. 
            This Court has held the proportionality analysis under both the Eighth Amendment to the
United States Constitution and Article I, Section 13 of the Texas Constitution is evaluated under the
standards enumerated in Solem v. Helm, 463 U.S. 277, 292 (1983), as modified in Harmelin v.
Michigan, 501 U.S. 957 (1991). Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.—Texarkana
2003, no pet.); see Cienfuegos v. State, 113 S.W.3d 481, 494–96 (Tex. App.—Houston [1st Dist.]
2003, pet. ref'd). We initially make a threshold comparison of the gravity of the offense against the
severity of the sentence, and then consider whether the sentence is grossly disproportionate to the
offense. See Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); see also
Harmelin, 501 U.S. at 1005 (Kennedy, J., concurring). Only if we find that the sentence is grossly
disproportionate to the offense will we compare the sentence received to sentences for similar crimes
in the same jurisdiction and to sentences for the same crime in other jurisdictions. Jackson, 989
S.W.2d at 846; Davis v. State, 125 S.W.3d 734, 736 (Tex. App.—Texarkana 2003, no pet.).
            Although Holt objected to the enhancement based on the Eighth Amendment, he did not
object to the sentences on the specific ground that the sentences were disproportionate, nor did he
raise the issue in his motion for new trial. To preserve a complaint for appellate review, an appellant
must have presented to the trial court a timely request, objection, or motion stating the specific
grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1)(A); Rhoades v. State, 934 S.W.2d 113, 119
(Tex. Crim. App. 1996). The defendant is required to raise a disproportionality objection in a timely
manner. Delacruz v. State, 167 S.W.3d 904, 905 (Tex. App.—Texarkana 2005, no pet.); Hookie v.
State, 136 S.W.3d 671 (Tex. App.—Texarkana 2004, no pet.); see Rhoades, 934 S.W.2d at 120–21. 
Holt has failed to preserve error for appellate review.
            Even if error had been preserved, Holt has failed to show that his sentence is
disproportionate. The sentences were both within the range authorized by statute. Evading detention
with a vehicle is a third-degree felony when the defendant has previously been convicted of evading
arrest or detention. Tex. Pen. Code Ann. § 38.04(b)(2) (Vernon 2003). Aggravated assault is a
second-degree felony. Tex. Pen. Code Ann. § 22.02(b). Due to Holt's prior convictions, the
punishment range for both convictions was enhanced to imprisonment of not more than ninety-nine
years or less than twenty-five years. See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2005).


 
Holt received the minimum enhanced sentence under the statute for evading arrest, and his sentence
for aggravated assault is in the middle of the permissible range. Holt was convicted of two serious
offenses during which he threateningly drove a stolen truck at another human being, led police on
a high-speed chase, and collided with a police cruiser. In addition to evidence concerning the
burglary of a vehicle and injury to a child convictions, the State introduced evidence of numerous
other prior convictions consisting of various offenses including theft, burglary of a building, criminal
mischief, and tampering with a witness. We cannot say the severity of the sentences is grossly
disproportionate to the gravity of these crimes. Further, there is no evidence in the record comparing
the sentences at issue with the sentences imposed against other defendants in this or other
jurisdictions who committed a similar offense. See Alberto, 100 S.W.3d at 530; Delacruz, 167
S.W.3d at 906. We overrule Holt's third and fourth points of error.
Conclusion
            For the reasons stated, we overrule Holt's points of error. The evidence is legally and
factually sufficient. Holt failed to preserve for our review the issue of whether the sentences were
disproportionate. Further, even if error had been preserved, Holt has failed to show the sentences
were grossly disproportionate. 
            We affirm the judgment of the trial court.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          May 1, 2006
Date Decided:             August 1, 2006

Do Not Publish