**Opinion issued August 8, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00863-CR

————————————

**CHARLES LEE FARRIS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1530897**

---

## O P I N I O N

Appellant, Charles Lee Farris, Jr., without an agreed punishment recommendation from the State, pleaded guilty to the felony offense of murder.[1] After finding true the allegation in an enhancement paragraph that he had been

---

[1]    *See* TEX. PENAL CODE ANN. § 19.02(b), (c).

previously convicted of a felony offense, the trial court assessed his punishment at confinement for forty years. In his sole issue, appellant contends that the trial court erred in accepting his guilty plea because "the Texas Constitution requires a jury trial in all criminal prosecutions."

We affirm.

## Background

A Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about November 15, 2016, "did then and there unlawfully, intentionally and knowingly cause the death of [the complainant], . . . by shooting the complainant with a firearm" and "did then and there unlawfully intend to cause serious bodily injury to [the complainant], . . . and did cause the death of the [c]omplainant by intentionally and knowingly committing an act clearly dangerous to human life, namely shooting the complainant with a firearm."

Subsequently, appellant signed and filed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" in which he pleaded guilty to the felony offense of murder and admitted that he committed the acts as alleged in the indictment. Appellant's trial counsel also signed the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," affirming that she believed that appellant had entered his guilty plea knowingly, voluntarily, and after

2

a full discussion of the consequences of his plea. Trial counsel also affirmed that she believed that appellant was competent to stand trial.

Appellant further signed written admonishments,[2] informing him that he had been indicted for the felony offense of murder and of the punishment range for that offense. And appellant signed a "Statement and Waivers of Defendant,"[3] affirming that he was mentally competent; understood the nature of the charge against him, the trial court's admonishments, and the consequences of his plea; and freely and voluntarily pleaded guilty. Moreover, appellant represented that he had consulted with his trial counsel about his plea; he "waive[d] and g[a]ve up any time provide[d] [to him] by law to prepare for trial"; he was "totally satisfied with the representation provided by [his] counsel and [he had] received effective and competent representation"; he "g[a]ve up all rights given [to him] by law, whether of form, substance or procedure"; he "waive[d] and g[a]ve up [his] right to a jury in th[e] case and [his] right to require the appearance, confrontation and cross[-]examination of the witnesses"; he "consent[ed] to [the] oral or written stipulations or evidence in th[e] case"; and he had "read the indictment and [he had] committed each and every element alleged." Appellant thus requested that the trial court accept his guilty plea.

---

[2]     *See* TEX. CODE OF CRIM. PROC. ANN. art. 26.13.

[3]     *See id.*

3

The trial court found sufficient evidence of appellant's guilt and that appellant had entered his guilty plea freely, knowingly, and voluntarily. And it admonished appellant of his legal rights, accepted his guilty plea, and ordered a presentence investigation.

At the conclusion of appellant's sentencing hearing, at which the State and appellant both presented evidence, the trial court found appellant guilty of the felony offense of murder, found true the allegation in an enhancement paragraph that appellant had been previously convicted of a felony offense, and sentenced appellant to confinement for forty years.

## Right to a Jury Trial

In his sole issue, appellant contends that the trial court erred in accepting his guilty plea because "the Texas Constitution requires a jury trial in <u>all</u> criminal prosecutions."

Two provisions of the Texas Constitution address the concept of trial by a jury in a criminal case.[4] Article I, section 10 of the Texas Constitution, titled "Rights of accused in criminal prosecutions," states: "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury." TEX. CONST. art. I, § 10. Article I, section 15 of the Texas Constitution states: "The right of trial by jury shall

---

4      Article V, section 10 of the Texas Constitution addresses the right to trial by a jury in a civil case. *See* TEX. CONST. art. V, § 10.

4

remain inviolate." TEX. CONST. art. I, § 15. Section 15 also authorizes the Legislature to "pass such laws as may be needed to regulate the same[, i.e., the right to trial by a jury], and to maintain its purity and efficiency." *Id.*; *see e.g.*, TEX. CODE CRIM. PROC. ANN. art. 1.13 ("Waiver of trial by jury"). The Sixth Amendment to the United States Constitution also provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. CONST. amend. VI.

Appellant asserts that the language contained in Article I, section 10 of the Texas Constitution "does not say [that] a criminal defendant has a 'right' to a jury trial," rather the wording of the provision "creates an absolute requirement" and "actually mandates a jury trial in every criminal prosecution." In other words, "nothing . . . permit[s] a criminal defendant to waive th[e] [jury trial] requirement" found in Article I, section 10; it is not optional. In regard to Article I, section 15 of the Texas Constitution and the Sixth Amendment to the United States Constitution, however, appellant concedes that he waived his right to a jury trial provided for by those provisions. Thus, appellant relies solely on the language contained in Article I, section 10 to assert that he could not have waived "the absolute requirement of a jury trial in all criminal prosecutions" provided for by the Texas Constitution. *See* TEX. CONST. art. I, § 10.

5

The Texas Court of Criminal Appeals has stated that "there is *no* significant textual difference between" Article I, section 10 of the Texas Constitution and the Sixth Amendment to the United States Constitution that "indicate[s] that different standards of protection should be applied" to criminal defendants under either constitution. *See Jacobs v. State*, 560 S.W.3d 205, 210 (Tex. Crim. App. 2018) (emphasis added) (internal quotations omitted); *see also Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim. App. 1998). Although the people of Texas do have the authority to provide greater protections to criminal defendants than those provided for by the federal constitution,[5] as to a trial by a jury in criminal cases, they have not chosen to do so. *See Jacobs*, 560 S.W.3d at 210; *Jones*, 982 S.W.2d at 391; *see also Niles v. State*, 555 S.W.3d 562, 577 n.12 (Tex. Crim. App. 2018) (Yeary, J., dissenting) ("We have said before that there is no difference in scope between the Sixth Amendment's right to a jury trial and that of Article I, Section 10, of the Texas Constitution."). In other words, "the right in the [Texas] [C]onstitution is no greater than that recognized in the Sixth Amendment." *Uranga v. State*, 330 S.W.3d 301, 304 (Tex. Crim. App. 2010); *see also Marquez v. State*, 725 S.W.2d 217, 243 & n.9 (Tex. Crim. App. 1987) (quoting language of Article I, section 10 and Sixth

---

[5] *See Olson v. State*, 484 S.W.2d 756, 762 (Tex. Crim. App. 1972) (federal constitutional safeguards are applicable to states, but they establish only minimum standard; states may go further and provided greater safeguards); *Yarborough v. State*, 981 S.W.2d 846, 848 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

6

Amendment and clarifying "[t]here is no significant textual difference between the two constitutional provisions which would indicate that different standards of protection should be applied"), *overruled on other grounds by Moody v. State*, 827 S.W.2d 875 (Tex. Crim. App. 1992). And appellant does not appear to dispute that the Sixth Amendment right to trial by a jury may be waived. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *Ex parte Palmberg*, 491 S.W.3d 804, 807 (Tex. Crim. App. 2016); *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013); *State v. Morales*, 253 S.W.3d 686, 697 (Tex. Crim. App. 2008); *see also Ex parte Ross*, 522 S.W.2d 214, 222 (Tex. Crim. App. 1975) ("There exists no federal constitutional provision which prohibits an accused from knowingly and intelligently waiving his right to trial by jury in a felony prosecution."), *abrogated by Ex parte McCain*, 67 S.W.3d 204 (Tex. Crim. App. 2002). Instead, appellant concedes that he waived his Sixth Amendment right to a jury trial in this case.

Further, in regard to Article I, section 10, specifically, the Texas Court of Criminal Appeals has explained: "[W]e have not held . . . [that] despite [the] mandatory language in [Article I, section 10], that an impartial jury is an inflexible constitutional imperative which cannot be . . . consciously waived. Rather, we have recognized it to be *a right of the accused . . . .*" *Delrio v. State*, 840 S.W.2d 443, 445 (Tex. Crim. App. 1992) (emphasis added) (internal footnote omitted); *see also*

*Jones*, 982 S.W.2d at 391 (Article I, section 10 "recognizes the right to trial by jury"). And although Article I, section 10, which "provides that 'the accused shall have a . . . trial by an impartial jury,'" is "expressed in mandatory terms as an indispensable feature of the system, the [c]ourt [has] held [that] th[e] provision *conferred a right* to the accused which could not be impaired without his consent, as authorized by the Legislature." *Id.* at 445 n.2 (first alteration in original) (emphasis added) (quoting TEX. CONST. art. I, § 10); *see also State v. Waters*, 560 S.W.3d 651, 662 & n.10 (Tex. Crim. App. 2018) (Article I, section 10 confers "[a] right to a determination of guilt or innocence by a jury")

Moreover, the Court of Criminal Appeals has previously addressed appellant's exact argument on appeal, i.e., that although Article I, section 15 of the Texas Constitution "makes a jury trial a 'right' which might be waived," Article I, section 10 creates "an absolute requirement of trial by jury in all criminal prosecutions." *See Dabney v. State*, 60 S.W.2d 451, 451 (Tex. Crim. App. 1933). In *Dabney*, the court explained that if the criminal defendant was correct in his assertion that Article I, section 10 mandated a jury trial in every criminal prosecution, "then all legislative acts permitting a waiver of [a] jury . . . [would be] void, as being in conflict with the constitution[]." *Id.* And the court made clear that it did not agree with the defendant's position. *Id.* Rather, it explained that Article I,

section 10 and section 15 "must be considered together,"[6] and when the court did so, it determined that the criminal defendant's assertion that Article I, section 10 mandated a jury trial in every criminal prosecution was incorrect. *Id.*; *see also Moore v. State*, 22 Tex. Ct. App. 117, 118–20, 2 S.W. 634, 635–36 (1886) (considering both Article I, section 10 and section 15 and holding statute which allowed waiver of jury trial for misdemeanor offenses did not conflict with aforementioned constitutional provisions).[7]

Although appellant takes issue with the Court of Criminal Appeals' analysis and conclusions in the aforementioned cases, we, as an intermediate appellate court, are bound in criminal cases to follow the decisions of the Court of Criminal Appeals. *See State of Tex. ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App.

---

[6] *See Clapp v. State*, 639 S.W.2d 949, 951–52 (Tex. Crim. App. 1982) ("[T]he [Texas] Constitution is to be construed as a whole, so as to give effect to every provision, and, if possible to harmonize them. Different sections, amendments, or provisions of a constitution which relate to the same subject matter should be construed together and considered in light of each other." (internal citations omitted)), *overruled on other grounds by Comer v. State*, 754 S.W.2d 656 (Tex. Crim. App. 1986); *see also Vinson v. Burgess*, 773 S.W.2d 263, 265 (Tex. 1989) ("No provision in the [Texas] [C]onstitution should be read or construed in isolation.").

[7] *See, e.g.*, *Grady v. State*, 35 S.W.2d 158, 158 (Tex. Crim. App. 1931) (relying on *Moore* and stating "[t]he [Texas] Constitution recognizes the right of one accused . . . to waive a jury . . . ."); *Lee v. State*, 215 S.W. 856, 856–57 (Tex. Crim. App. 1919) (citing *Moore* and explaining Court of Criminal Appeals had "uniformly . . . construed" Texas Constitution to allow waiver of jury); *Schulman v. State*, 173 S.W. 1195, 1195 (Tex. Crim. App. 1915) (citing *Moore* and stating criminal defendant can "waive a jury").

1971) ("The Court of Criminal Appeals is the court of last resort in this [S]tate in criminal matters. This being so, no other court . . . has authority to overrule or circumvent its decisions, or disobey its mandates."); *Ervin v. State*, 331 S.W.3d 49, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ("As an intermediate court of appeals, we are bound to follow the precedent of the [C]ourt of [C]riminal [A]ppeals."); *see also* TEX. CONST. art. V, § 5(a); *Mason v. State*, 416 S.W.3d 720, 728 n.10 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("When the Court of Criminal Appeals has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation under the dictates of vertical stare decisis.").

Finally, we note that appellant relies on our decision in *Yarborough v. State*, 981 S.W.2d 846 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd), to support his assertion that the jury trial provided for in Article I, section 10 is mandatory and cannot be waived. We find appellant's reliance misplaced. In *Yarborough*, after the criminal defendant was convicted of violating a "trash ordinance," a municipal court assessed a $500 fine against him. 981 S.W.2d at 847. The defendant then appealed to county court and requested a jury trial. *Id.* The county court refused the criminal defendant's request and proceeded with a bench trial. *Id.* On appeal, the criminal defendant, relying on the Texas Constitution, argued that the county court erred in overruling his request for a jury trial. *Id.* at 847. We agreed, and in doing so, noted

that "[A]rticle I, section 10 of the Texas Constitution[] and article 1.05 of the Texas Code of Criminal Procedure . . . provide[:] 'In *all* criminal prosecutions, the accused shall have a speedy public trial by an impartial jury[.]'" *Id.* at 847–48 (quoting TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05). However, we also explained that these provisions, in addition to Article I, section 15 of the Texas Constitution, afforded a "defendant in a misdemeanor case . . . the same *right to a trial by jury* as a defendant charged with a felony [offense]." *Id.* at 847–48 (emphasis added). And we certainly did not state that a jury trial could not be waived by a criminal defendant or that Article I, section 10 mandated, irrespective of any waiver, a jury trial in every criminal prosecution. Instead, we held that the county court erred in denying the criminal defendant his right to a jury trial which the Texas Constitution guaranteed him.[8] *See id.* at 847–48.

Based on the foregoing, we hold that the trial court did not err in accepting appellant's guilty plea.

We overrule appellant's sole issue.

---

[8]    Notably, the criminal defendant did not waive his constitutional right to a jury trial in *Yarborough*.

11

**Conclusion**

We affirm the judgment of the trial court.


                                        Julie Countiss
                                        Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Goodman, J., dissenting.

Publish.  TEX. R. APP. P. 47.2(b).

12