MOLLIE SCHULMAN V. THE STATE.

No. 3433.   Decided February 17, 1915.

**Keeping Disorderly House—Former Jeopardy.**

Where, upon trial of keeping a disorderly house, the defendant was placed on trial before six jurors and pleaded not guilty, and one of the jurors was then excused by express permission of defendant and implied authority by State's counsel, whereupon, defendant requested to be tried before the remaining five jurors, but the court, over his objection, discharged the jury, the plea of former jeopardy should have been submitted to the jury, upon another trial. Following Stell v. State, 14 Texas Crim. App., 59, and other cases.

Appeal from the County Court of Harris. Tried below before the Hon. .C. C. Wren.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case. Record shows that defendant pleaded not guilty on former trial.

*Heidingsfelders,* for appellant.—On question of former jeopardy: Brink v. State, 18 Texas Crim. App., 344, and cases cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted under the second count of the information charging her with keeping a disorderly house in that she permitted men and women to meet by mutual appointment and by appointment made by another for the purpose of sexual intercourse. It seems to charge that the house was an "assignation" house.

Appellant had been previously before a jury for trial, and when three witnesses had been introduced a juror approached the court and informed him that his child was sick, at least the court informed counsel that such was the statement of the juror. It became a question as to whether the juror should be permitted to go home. The defendant's counsel agreed that the juror could be discharged, and that they would try the case before the remaining five jurors. The juror left the courtroom. The State's counsel had remained silent, and if consent could be imputed to him it is by reason of the surrounding facts or what occurred at the time. The court announced after the juror

left the room that he would discharge the jury. To this appellant strenuously objected and asked that the case be tried before the five jurors. This was not done, but the jury was discharged over appellant's objection. Without going into a further detailed statement, this is the substance of the facts.

When the case was called for trial again, which resulted in the conviction, appellant interposed the plea of jeopardy, setting up the facts, and about which there seems to be no controversy. The court did not submit the issue of jeopardy to the jury, but refused to do so. Appellant also urged objection to this ruling of the court. In other words, we have a case in which the accused was placed on trial before six jurors in a misdemeanor prosecution; one of the jurors was excused by express authority of the defendant and implied authority by State's counsel, with the request on the part of appellant that they proceed to trial before the five jurors, the court, discarding and overruling his contention, discharged the jury over her protest. Under this state of case we are of the opinion that inasmuch as the facts are admitted to be true, the plea of jeopardy should have been sustained. The State can not waive a jury; the defendant can. This has been the established rule in Texas at least since the case of Moore v. State, 22 Texas Crim. App., 117. It is also the well settled rule that the defendant, under his right to waive a trial by jury, has the further right of agreeing to be tried before less than six jurors. This has been settled in Texas by decisions since Stell v. State, 14 Texas Crim. App., 59. The latest case so holding that has come to our attention is Mackey v. State, 68 Texas Crim. Rep., 539, 151 S. W. Rep., 802, the opinion being delivered by Presiding Judge Prendergast.

That appellant was in jeopardy under these facts can not be questioned. Vestel v. State, 3 Texas Crim. App., 648; Brink v. State, 18 Texas Crim. App., 344. These cases seem to have been followed, and settle the law in Texas on that question. Under these authorities, without going further into this question, this case must be reversed.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*