ALLEN LEE v. THE STATE.

No. 5520.    Decided November 5, 1919.

**Juvenile Delinquent—Waiving Jury—Misdemeanor.**

Where defendant was tried under a complaint and information as a juvenile delinquent, article 1195, C. C. P., and waived a jury and was convicted; not being prosecuted for a felony, there was no reversible error. Following: Shulman v. State, 76 Texas Crim. Rep., 229, and other cases.

Appeal from the District Court of Hale, sitting in chambers as a Juvenile Court. Tried below before the Hon. R. C. Joiner, judge.

Appeal from a conviction of a juvenile delinquent; penalty, confinement in the State Industrial School for Boys at Gatesville for a period of not less than two years, and not longer than the date when he shall reach the age of twenty-one years.

The opinion states the case.

*M. J. Baird*, for appellant.—Cited cases in the opinion.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant, under complaint and information, was prosecuted and convicted as a juvenile delinquent under

Article 1195, Code of Criminal Procedure. The judgment orders that he be confined in the State Industrial School for Boys at Gatesville for a period of not less than two years, and not longer than the date when he shall reach the age of twenty-one years.

The appellant, at the time the offense was committed and at the time of the trial, was between sixteen and seventeen years of age. The proof supports the allegation in the information, and the only question raised is the power of the court under the Constitution to impose the sentence without the verdict of a jury. The judgment discloses that a jury was waived. This the appellant had the right to do, the prosecution not being for a felony. The Constitution has been uniformly so construed by this court. See Moore v. State, 22 Texas App., 117; Schulman v. State, 76 Texas Crim. Rep., 229, 173 S. W. Rep., 1195.

The judgment is affirmed.

*Affirmed.*