## M. A. KUHN V. THE STATE.

No. 21497. Delivered March 12, 1941.
Rehearing Denied April 23, 1941.
Second Motion for Rehearing Granted and Judgment
Reformed and Corrected May 21, 1941.

The opinion states the case.

*Underwood & Harben,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is possessing beer in a dry area for the purpose of sale; the punishment, a fine of one hundred dollars.

Appellant operated a place known as Kuhn's Lodge which was located in Harrison County on the bank of Caddo Lake. He also had a beer boat located on the lake, which was in Marion County, where the sale of beer was legal. Harrison County was a dry area. On the first of November, 1940, several inspectors of the Texas Liquor Control Board went to Kuhn's Lodge in Harrison County armed with a search warrant. Their search of the house and premises revealed that appellant had in his possession four cases of beer which had not been placed on ice and approximately two cases of beer which had been placed in the ice box. They also found two cases of empty beer bottles and cans, which were situated on a side porch.

Appellant testified that the beer had been left at the lodge temporarily preparatory to transporting it to the beer boat. It was his version that he did not possess such beer for the purpose of sale in Harrison County. Witnesses gave testimony corroborating appellant's version.

Appellant offered to prove by his wife, as shown in bill of exception No. 1, that Mr. McCord, who had operated the beer boat prior to the time appellant took charge of it, had on rainy days placed beer in the lodge temporarily until it could be carried to the beer boat. We think the State's objection to such testimony was properly sustained. McCord's custom in handling beer would appear to be unrelated to the transaction involved in the prosecution of appellant. It shed no light on any issue involved in the case. Appellant admitted that he owned the beer found in the lodge and at the time of the search was made he, not McCord, owned the beer boat.

It is shown in bill of exception No. 2 that in the course of the cross-examination of appellant's wife the assistant county attorney, after the court had sustained an objection by the appellant to a question propounded by State's counsel, insisted that he should be allowed to go into a detailed cross-examination of the witness. In the course of his statement he referred to appellant's wife as a hostile witness. The court promptly admonished State's counsel as follows: "I think those statements are out of order." Thereafter the court turned to the jury and

instructed them not to consider the remarks of the assistant county attorney. In view of the prompt action of the court in admonishing counsel and instructing the jury as shown by the bill, we are constrained to hold that the error, if any, was harmless.

Bill of exception No. 3, as qualified, fails to reflect error. We deem it unnecessary to enter into a detailed discussion of the question raised in the bill.

It is shown in bill of exception No. 4, that counsel for the State asked appellant on cross-examination if he had a permit to store beer or intoxicating liquors in Harrison County. The court sustained appellant's objection to the question and no answer was given. Under the circumstances, we are unable to reach the conclusion that the bill reflects reversible error.

Bill of exception No. 5, as qualified, fails to reflect error.

Bill of exception No. 6 reflects that counsel for the State asked appellant on cross-examination if several years ago he had not employed a law firm to represent him. Appellant's objections to this question and other questions along the same line were sustained. No answer was given to the question. Under the circumstances, reversible error is not presented.

We deem the evidence sufficient to sustain the conviction.

Failing to find reversible error, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Beauchamp, J., did not sit in this case.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant earnestly asserts that in the original opinion delivered in this case we erred in several respects: First, in holding the evidence sufficient to sustain the conviction; and second, in holding the judgment sufficient to show a verdict of a jury of six men.

We do not deem it necessary to discuss the first question further than to say that we have again read the statement of facts with great care and deem the evidence sufficient upon which the jury could justly base the verdict of guilty.

The judgment recites, among other things, that "Thereupon a Jury to-wit: _____ and five others, etc.," clearly indicating that there was a jury of more than five men. This is a case in which the County Court had original jurisdiction. Art. 578, C. C. P., specifically provides for six jurors in the trial of cases in the County Court. Therefore, the presumption obtains that the court followed the law unless the contrary is made to appear. Moreover, a defendant has a right to agree to be tried by a jury of five men. See Stell v. State, 14 Tex. Cr. App. 59; Mackey v. State, 68 Tex. Cr. R. 539, 151 S. W. 802; Schulman v. State, 173 S. W. 1195, 76 Tex. Cr. R. 229.

Appellant contends that there is a conflict between the verdict of the jury and the judgment in that the verdict recites:

"We the Jury find the Defendant guilty as charged and assess his punishment at a fine of One Hundred Dollars and costs," while the judgment discloses an acquittal. We do not find such to be the case. The judgment, after setting out the verdict, recites:

"It is therefore considered, ordered and adjudged and _____ by the court that the State of Texas do have and recover of the Defendant the said fine of One Hundred Dollars and all costs of this prosecution, etc."

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Attorneys for appellant have requested leave to file a second motion for rehearing which is presented in connection with the said request. We think it necessary to consider the second motion.

A condition of the record is pointed out which is not only confusing to this court but equally so to appellant's present attorneys, who had no connection with the case until after the appeal was perfected. It is proper to say that the confused record is not attributable to any attorney in the case, and this court is still unadvised as to how it occurred.

The original transcript on file in this court shows the docket number of appellant's case in the trial court to have been 3631, and reflects a judgment of conviction in said case. The judgment contains all the necessary recitals preceding a verdict of guilty, which is incorporated in the judgment, and which assesses appellant's punishment at a fine of one hundred dollars; then follows an adequate judgment of conviction which remands appellant to the custody of the sheriff until said fine and costs are paid. A notation following the judgment indicates that it is of record in Criminal Minutes Book H, page 530. The transcript containing said judgment is certified as correct by a deputy county clerk of Harrison County. It is on the judgment thus reflected that our opinion of affirmance and overruling of the motion for rehearing is based.

Attached to appellant's second motion for rehearing is a copy of a judgment in the same cause (No. 3631) certified as correct by the same deputy clerk who certified to the correctness of the original transcript. The judgment reflected by the copy attached to the second motion shows the same proper preliminary recitals, and the same verdict of guilty as appears in the judgment in the original transcript, but following the verdict as shown in the certified copy attached to said second motion appears the following:

"It is therefore considered, ordered and adjudged by the Court, that the State of Texas recover nothing by this prosecution, and that the defendant M. A. Kuhn be immediately discharged from all further liability upon the charge *from* which he has been tried, and that he go hence without day."

The whole record shows a conviction. Appellant would not be appealing to this court from a judgment of acquittal. Appellant's amended motion for a new trial repeatedly refers to the "judgment of conviction" as unauthorized for various reasons set up in the motion. Appellant's recognizance recites that appellant had been "convicted of a misdemeanor as more

fully appears by the judgment of conviction entered in this cause."

The judgment discharging appellant following the verdict of guilty as it appears in the copy attached to the second motion for rehearing was a judgment which could not have been legally pronounced. Art. 847 C. C. P., among other powers conferred upon this court, is that of reforming and correcting a judgment "as the law and the nature of the case may require." The holdings of this court under said authority are epitomized in Branch's Ann. Tex. P. C. Sec., 668, as follows: "The Court of Criminal Appeals has power to reform and correct the judgment as the law and the nature of the case may require, and when on appeal the court has the same data for the reforming or correction of the judgment as the trial court would have were the judgment reversed or the appeal dismissed, the judgment will be reformed and corrected on appeal." Many cases are cited supporting the text.

If the judgment as it appears in the original transcript is incorrect, and the judgment as it appears in the criminal minutes is reflected in the copy attached to appellant's second motion for rehearing, it is patent that same is an error. This court has before it in the record all the data necessary to reform the judgment, and the same is reformed following the verdict to read as follows:

It is therefore considered, ordered and adjudged that the defendant, M. A. Kuhn is guilty of the offense of possessing for the purpose of sale in Harrison County, Texas, a dry area, beer, an alcoholic beverage containing alcohol in excess of one-half of one percent by volume and not more than four percent by weight, and that the State of Texas do have and recover of the defendant, M. A. Kuhn the said fine of one hundred dollars and all costs of this prosecution, and the defendant is placed in the custody of the sheriff of said Harrison County who will commit him forthwith to the jail of said county until said fine and costs are paid. And execution may issue against the property of the said defendant for the amount of said fine and costs.

Appellant's second motion for rehearing is accordingly granted; the judgment is reformed and corrected as above indicated, and as reformed and corrected the judgment is affirmed in accordance with the previous opinion of this court.