Daniel MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 41230.

Court of Criminal Appeals of Texas.

May 15, 1968.

————◆————

J. L. Wilcox, Freeport, for appellant.

Ogden Bass, Dist. Atty., Wallace N. Shaw, Asst. Dist. Atty., Angleton, Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Judge.

## OPINION

The conviction is under Art. 1149, Vernon's Ann.P.C., for the offense of aggravated assault with a motor vehicle; the punishment, a fine of $125.

The sufficiency of the evidence to support the conviction is challenged as a ground of error.

It is deemed unnecessary to summarize in detail all the facts.

The evidence is sufficient to authorize the jury to find that the appellant, while operating a Ford automobile by either or all, or any combination of the acts alleged, negligently collided with the Chevrolet automobile, thereby causing injuries less than death to the operator thereof. This ground of error is overruled.

The first ground of error is that the court, during the trial, refused to recognize the defense of unavoidable accident, and also refused to charge the jury on unavoidable accident as a defense.

The defense of unavoidable accident is not applicable in a prosecution of this nature. The first ground of error is overruled. Payne v. State, 374 S.W.2d 235.

In the second and third grounds of error, the appellant contends that the information is fatally defective for the reason that it does not allege that the assaulted party sustained injuries to her person less than death; and that it does not allege a reasonable speed.

No motion to quash the complaint and information is contained in the record. The averment of the collision with negligent acts thereby causing injuries to the person sufficiently apprised the appellant of the charge against him, enabled him to prepare for trial, and plead jeopardy in event of any subsequent prosecution. The second and third grounds of error are overruled. 5 Tex.Jur.2d 50, Sec. 29.

The fourth ground of error is that W. L. Davis was permitted to testify as an expert witness to the speed of appellant's automobile based on the skid marks, impact, and other factors.

At the time of the collision, the witness Davis was Patrol Sergeant of the Police Department of Freeport, and arrived at the scene within a few minutes after it occurred. He had been a peace officer about nine years and had had training in the investigation of automobile collisions in more than five schools conducted at A & M College and the Texas Department of Public Safety during the nine years; and had investigated more than 900 automobile collisions during this time.

From the training and experience of the witness Davis and the facts and circumstances which he related as having found during his investigation, it is concluded that the trial court did not abuse his

discretion in permitting him to express his opinion based upon this evidence as to the speed of appellant's automobile at the time of the collision. The fourth ground of error is overruled.

Error is urged on the ground that the trial court unduly commented and gave additional weight to the testimony of the witness Davis, when he instructed the State's Attorney to ask a question to qualify him as an expert and then did not require a response to that question.

The matter arose during the state's direct examination of the witness Davis, as follows:

"Q  Again, I ask you what is your opinion?

"Appellant's Attorney:  I further object on the basis proper predicate is not laid as to the condition of the vehicle, the tires, etc., upon examination by this peace officer.

   *    *    *    *    *    *

"Judge:  Why don't you ask him if the condition of the vehicles was considered?

Q  Did you consider the condition of the vehicles?

"Judge:  The objection is overruled. You may answer.

"Q  What is your opinion?

"A  Approximately 55 miles per hour."

 It is apparent that no objection was made to the remark of the court. From the record, it appears that no complaint was made of said remark until the appellant filed his brief in this cause. Even so, there appears no error in the suggestion by the judge that a certain question be asked the witness, which was apparently for the purpose of clarifying an issue then before the court.  56 Tex.Jur.2d 415, Sec. 81. This ground of error is overruled.

 In response to appellant's sixth and seventh grounds of error, the sentence which recites that he has been adjudged guilty of the crime of "A.A.M.V." is reformed to comport with the judgment and show that the conviction was had for the offense of aggravated assault with a motor vehicle; and the defendant being present, he is committed to the custody of the sheriff of Brazoria County, Texas, to be confined in jail until such fine and costs are paid.  Arts. 42.02 and 42.15, Vernon's Ann.C.C.P.

The judgment is affirmed.