Oscar **TURNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42194.

Court of Criminal Appeals of Texas.

June 28, 1972.

On Rehearing Oct. 11, 1972.

## OPINION

ODOM, Judge.

Appellant was convicted for the offense of murder. Punishment was assessed at death. This court affirmed the conviction on March 4, 1970. Turner v. State, 462 S.W.2d 9. The Supreme Court of the United States granted appellant's petition for certiorari and, in a memorandum opinion, ordered that "Judgment, insofar as it imposes the death sentence, reversed and case remanded to the Court of Criminal Appeals of Texas for further proceedings." Turner v. Texas, 403 U.S. 947, 91 S.Ct. 2289, 29 L.Ed.2d 858 (1971). The decision by the Supreme Court was predicated upon its prior holdings in Maxwell v. Bishop, 398 U.S. 262, 90 S.Ct. 1578, 26 L.Ed.2d 221 (1970); Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969), and Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

The question now before this court is the proper disposition of this case in light of the Supreme Court's order and Texas law. A commutation of appellant's sentence by the Governor would have satisfied the mandate of the Supreme Court. Whan v. State, 485 S.W.2d 275 (1972). However, commutation has not been sought or granted in the instant case.

The options available to this court in a case where a sentence is defective are quite limited. We may reform: (1) a sentence so as to conform to the judgment[1]; (2) a judgment to conform to the jury's verdict[2]; (3) a sentence which fails to apply the penalty fixed by law[3]; or (4) a sentence which fails to apply the indeterminate sentence law (Article 42.09, Vernon's Ann.C.C.P.).[4]

---

Joel W. Westbrook and Charles E. Wallace, Waco (both Court-appointed), for appellant.

Martin D. Eichelberger, Dist. Atty., Frank M. FitzPatrick, Jr., Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

1. e. g. Vasquez v. State, Tex.Cr.App., 477 S.W.2d 629 (1972); Miller v. State, Tex.Cr.App., 427 S.W.2d 892.

2. Fail v. State, Tex.Cr.App., 362 S.W.2d 862; Kuhn v. State, 142 Tex.Cr.R. 40, 151 S.W.2d 208.

3. Vasquez v. State, supra; Golden v. State, Tex.Cr.App., 434 S.W.2d 870;

Abel v. State, Tex.Cr.App., 395 S.W.2d 641, cert. denied, 386 U.S. 928, 87 S.Ct. 871, 17 L.Ed.2d 800; Stevenson v. State, Tex.Cr.App., 395 S.W.2d 626.

4. e. g. Asay v. State, Tex.Cr.App., 456 S.W.2d 903; Bell v. State, Tex.Cr.App., 434 S.W.2d 684.

**284**

However, this court is without authority to either pass sentence or reduce the punishment assessed by a jury. Ocker v. State, Tex.Cr.App., 477 S.W.2d 288. And, while we may remand solely on the issue of punishment where punishment was originally assessed by the court,[5] we may not do so where punishment was assessed by the jury.[6]

The Supreme Court having found that punishment was erroneously assessed in the instant case, its status is the same as if the jury had been unable to agree on a verdict. See Ocker v. State, supra.

The judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.

ONION, Presiding Judge (concurring).

I concur in the results reached, but cannot agree that if commutation had been granted after the death penalty had been set aside by the United States Supreme Court, a different result would be reached. See this writer's dissent in Whan v. State, 485 S.W.2d 275 (Tex.Cr.App.1972).

ON STATE'S MOTION FOR REHEARING

DALLY, Commissioner.

It has now been made to appear that upon the recommendation of the Board of Pardons and Paroles, a proclamation commuting the appellant's sentence from death to life imprisonment was, on the 29th day of August, 1972, signed by the Honorable Preston Smith, Governor of this State. The State's motion for rehearing is granted. Harris v. State, Tex.Cr.App., 485 S.W.2d 284 (1972) and Whan v. State, Tex.Cr.App., 485 S.W.2d 275 (1972).

The order of reversal is set aside and the judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., dissents for reasons stated in his dissenting opinion in Whan v. State, supra.

DOUGLAS, J., not participating.

---

5. e. g. Miller v. State, Tex.Cr.App., 472 S.W.2d 269.

6. Ellison v. State, Tex.Cr.App., 432 S.W. 2d 955.