**David GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–07–00740–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 18, 2008.

Michael Pena, Houston, TX, for appellant.

Bridget Holloway, Assistant District Attorney–Harris County, Houston, TX, for appellee.

Panel consists of Justices TAFT, KEYES, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

We sua sponte withdraw our opinion and judgment issued October 30, 2008 and replace them with this opinion and judgment. *See* Tex.R.App. P. 50. Appellant, David Garza, appeals from the trial court's order denying his pretrial application for writ of habeas corpus that sought relief from double jeopardy in trial court cause number 1475517. *See* Tex.Code Crim. Proc. Ann. art. 11.08 (Vernon 2005). In this appeal,

appellant asserts the trial court erred by sua sponte declaring a mistrial and by denying defense counsel's application for a writ of habeas corpus based upon double jeopardy grounds. In his first issue, appellant contends this error violated the Fifth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. V, XIV. In his second issue, appellant asserts this error violated sections fourteen and nineteen of article one of the Texas constitution and articles one and eleven of the Code of Criminal Procedure. *See* TEX. CONST. art. I, §§ 14, 19; TEX.CODE CRIM. PROC. ANN. arts. 1.10, 11.09 (Vernon 2005). We conclude that the trial court erred by sua sponte declaring a mistrial and that appellant's retrial for driving while intoxicated is barred by double jeopardy. We reverse the trial court's order denying habeas corpus relief.

## Procedural Background

A jury was empaneled and sworn in to hear appellant's charge for the misdemeanor offense of driving while intoxicated. The jury was released to return the following day to hear the evidence. The next day, before any evidence was presented, the trial court was informed that one of the jurors had a "cardiac event" either the previous evening or early that morning. The trial court reset the case for two days later, August 16.

On August 16, the parties reconvened. The deputy of the trial court informed the court that the juror, identified as Mr. Headrick, was still in the hospital as of August 15. Headrick indicated his desire to return for jury duty, but his doctor would not release him for work until after he took and received the results from a stress test. Headrick stated the earliest the test could be done was Tuesday of the following week. Upon learning this information, the State moved for a mistrial, and

appellant objected. Appellant asserted there was no manifest necessity for a mistrial and requested a "short recess" or continuance until the following week to determine whether the juror would be able to return. The trial court reset the case for August 22, but left pending the State's motion for a mistrial. The court also instructed the deputy to call the remaining five jurors to check their availability for the following week.

Later that same day, on August 16, the court met with the attorneys to discuss the status of the remaining jurors. The State withdrew its motion for mistrial. After that, the deputy reported that he was able to speak with three of the five remaining jurors. The three jurors said they would remain available for trial. However, one of them said he would be unavailable on two days of the following week for a business trip. The deputy left messages for the two jurors he was not able to reach.

After listening to the deputy, the trial court stated,

I told the jury on Monday and I think the record will reflect this—that this trial would take no more than two days, Monday and Tuesday to try. And it is this Court's experience that when the trial takes considerably longer than what the court had anticipated, that could create problems with the jury's attitude and the jury's willingness to process information and so forth, in my experience as a judge and as a lawyer for 20 years. And this Court is deeply concerned about keeping the jury through the weekend and holding through next week beyond Wednesday, when it is even uncertain as to when the traveling juror will be returning back into town. It is still uncertain whether Juror No. 16, Mr. Headrick, the stricken juror, would even be able to come to court, much less go to work, according

to his doctor and his reports to the Deputy whether he will be back.

The trial court then sua sponte declared a mistrial for manifest necessity. In response to the trial court's statement, appellant objected as follows,

> For the record, Judge, the defense objects to the mistrial. This is the Jury that the Defendant wants to hear his case. In the alternative, the defense requests a continuance of the matter. We anticipate—and I think everybody will agree—that the testimony in the case, this should be a one day trial. The State only has one witness to offer. We don't anticipate that the evidence will take longer than one day in court. A short recess for the jury to come back in one week or two weeks, at the most, is what we're requesting. And/or, in the alternative, *we're requesting to proceed through trial with the five remaining jurors that did not have a problem.* It was only one juror who has the medical need to be absent, who has indicated that he still desires to be on the jury. We anticipate—I don't want to misstate it. He is in the hospital, but it appears there is a high probability of recovery in the near future. So, we're just asking *for a short continuance.* And since it will be a one day trial, we don't feel that it's unduly burdensome on the remaining jurors. So, for those reasons, we object.

(Emphasis added). After the court and appellant's attorney further discussed when Headrick might become available, the court confirmed its ruling to declare a mistrial.

Prior to the start of the second trial, appellant filed an application for writ of habeas corpus based on a violation of double jeopardy principles. The trial court denied habeas corpus relief and this appeal followed.

**Double Jeopardy**

In his first issue, appellant contends the trial court violated the principles of double jeopardy by denying his pretrial application for writ of habeas corpus because there was not a manifest necessity for declaring a mistrial.

**A. Standard of Review**

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts "in the light most favorable to the trial judge's ruling and should uphold it absent an abuse of discretion." *Ex parte Wheeler,* 203 S.W.3d 317, 324 (Tex.Crim.App.2006). Similarly, we review for abuse of discretion the trial court's application of the law to the facts if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *See Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex.Crim.App.2003) (per curiam). If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo. *Id.*

**B. Double Jeopardy**

Double jeopardy is the principle that a person shall not "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The prohibition protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex parte Kopecky,* 821 S.W.2d 957, 958 (Tex.Crim.App.1992).

The constitutional double jeopardy protection embraces the defendant's right to have his trial completed by a particular tribunal. *Arizona v. Washington,* 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978). When a mistrial is

declared over the defendant's objection after the jury is sworn, a retrial is barred by double jeopardy unless there was manifest necessity for the mistrial. *Id.* at 505, 98 S.Ct. at 830.

■■■ Manifest necessity is, and should be, "limited to very extraordinary and striking circumstances." *Ex parte Little,* 887 S.W.2d 62, 65 (Tex.Crim.App.1994). "There must be a 'high degree' of necessity that the trial come to an end." *Ex Parte Fierro,* 79 S.W.3d 54, 56 (Tex.Crim. App.2002) (citing *Torres v. State,* 614 S.W.2d 436, 442 (Tex.Crim.App.1981)). To find manifest necessity, the trial court cannot simply make token reference to the various alternatives before ordering a mistrial; the trial court must "carefully and deliberately consider which of all the alternatives best balances the defendant's interest in having [the] trial concluded in a single proceeding with society's 'interest in fair trials designated to end in just judgments.' " *Brown v. State,* 907 S.W.2d 835, 840 (Tex.Crim.App.1995). This deliberate consideration by the trial court of various alternatives, and the appropriate weights to be given to each of those alternatives when assessing those options, requires the trial court to conduct "more than a mere pro forma exercise to mask the trial judge's preferred course of action." *Id.* The trial court must always implicitly or explicitly choose the least drastic alternative to granting a mistrial; otherwise, the trial court abuses its discretion. *Id.; Ex Parte Little,* 887 S.W.2d at 65.

**C. Composition of Jury**

■■■ The Code of Criminal Procedure does not address the situation in which a juror becomes disabled after being sworn in a misdemeanor trial, but it does address the situation where a juror becomes disabled after being sworn during a felony trial. A juror is disabled if he has a physical illness that hinders his ability to perform his duties as a juror. *Hill v. State,* 90 S.W.3d 308, 315 (Tex.Crim.App. 2002). Article 36.29(a) states that, in a felony case, a jury of 11 may return a verdict if a juror becomes disabled. TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.1999); *Hegar v. State,* 11 S.W.3d 290, 293 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Article 36.29 contemplates that a jury in a felony case must begin with 12 members. *Maten v. State,* 962 S.W.2d 226, 227 (Tex.App.-Houston [1st Dist.] 1998, pet ref'd). If a juror becomes disabled after the jury is impaneled and sworn, article 36.29 gives the remaining 11 jurors the power to render the verdict. *Id.* When article 36.29 applies, the options available to a defendant are (1) to discharge the juror and continue with 11 jurors, or (2) to move for a mistrial. *Carrillo v. State,* 597 S.W.2d 769, 771 (Tex.Crim. App.1980). The trial court errs if it does not give a defendant the opportunity to choose between continuing with 11 jurors or seeking a mistrial. *Id.; Strickland v. State,* 741 S.W.2d 551, 553 (Tex.App.-Dallas 1987, no pet.); *Moya v. State,* 691 S.W.2d 63, 65 (Tex.App.-San Antonio 1985, no pet.).

■■■ Although the Code of Criminal Procedure does not address how a court should proceed when there are fewer than six remaining jurors in a misdemeanor case due to the disability of one of the jurors, courts have treated this situation in misdemeanor juries the same as for felony juries. Juries in county courts are to be composed of six qualified jurors. *See* TEX. CONST. art. V, § 17; TEX.CODE CRIM. PROC. ANN. art. 33.01 (Vernon Supp.2008); TEX. GOV'T CODE ANN. § 62.301 (Vernon 2005). A defendant may waive his right to a jury trial if he makes a written waiver in person "in open court with the consent and approval of the court and the attorney representing the State." TEX.CODE CRIM.

Proc. Ann. art. 1.13(a) (Vernon 2005). The right to a jury trial may be waived in both felony and misdemeanor prosecutions. *See Texas ex rel. Curry v. Carr*, 847 S.W.2d 561, 566 (Tex.Crim.App.1992); *Josey v. State*, 857 S.W.2d 815, 816 (Tex. App.-Houston [14th Dist.] 1993, no pet.); *Chaouachi v. State*, 870 S.W.2d 88, 90 (Tex.App.-San Antonio 1993, no pet.). The statutory authority for waiver of a trial by jury carries with it the concomitant "right to agree to a trial by jury composed of less that six men." *Mackey v. State*, 68 Tex. Crim. 539, 151 S.W. 802, 803 (1912) (holding statute provides that defendant in misdemeanor case can waive jury altogether and "[t]his would carry with it the further right to agree to a trial by a jury composed of less than six men."); *see also Kuhn v. State*, 142 Tex.Crim. 40, 151 S.W.2d 208, 210 (1941); *Hanley v. State*, 909 S.W.2d 117, 119 (Tex.App.-Houston [14th Dist.] 1995, no pet.). Thus, when the jury composed of six people is reduced to five jurors due to a juror becoming disabled, the trial court could either declare a mistrial, or alternatively, it could proceed to a verdict with the remaining five jurors if the State and defendant agree. *See Schulman v. State*, 76 Tex.Crim. 229, 173 S.W. 1195, 1195 (1915) (holding that jeopardy attached when defendant was placed on trial before six jurors in misdemeanor prosecution and appellant requested that they proceed to trial before five jurors when one juror was excused, but court discharged jury over appellant's protest).

### D. Analysis

■■■ We address whether there was manifest necessity for declaring the mistrial that occurred over appellant's objection after the jury was sworn. *See Arizona*, 434 U.S. at 497, 98 S.Ct. 824. Viewing the evidence in a light most favorable to the trial court's ruling, the evidence supports the trial court's implicit determination that juror Headrick was disabled due to illness since he could not return to work until after a stress test was conducted a week later on August 21, if he could return at all. *See* Tex.Code Crim. Proc. Ann. art. 36.29. The remaining question, therefore, is whether the trial court erred by not considering a less drastic alternative to a mistrial by attempting to secure a waiver of jury trial to proceed to verdict with the five remaining jurors.

The State contends "appellant did not suggest to the trial court, nor has he shown this court, that another less drastic solution should have been employed." The State's assertion is inaccurate, because the record shows that appellant asked the trial court to proceed to trial with five jurors. Nothing in the record suggests that proceeding with the five remaining jurors would not have been a viable, reasonable alternative to declaring a mistrial. The State withdrew its motion for a mistrial, which suggests it would not have opposed moving forward with the remaining five jurors. Moreover, according to appellant's affidavit attached to his application for writ of habeas corpus, appellant "wanted to proceed to trial with the five remaining jurors and have them decide my case if the court would allow." The trial court told the jury that the trial would last one and one-half days. Nothing in the record suggests that the five remaining jurors would not have been available for that length of time upon the court's reconvening of the case. At most, one juror said he would be unavailable for two days the following week for a business trip, but that juror was available the other three days of that week. We conclude the trial court erred by failing to consider the less drastic alternative—proceeding to trial with the remaining five jurors upon receiving a written waiver from the State and appellant—to sua sponte declaring a mistrial. *See Ex*

*Parte Fierro,* 79 S.W.3d at 57 (holding that trial court erred by sua sponte declaring mistrial in felony case because record did not show that trial court considered less drastic alternatives such as "determin[ing] if the parties would be willing to proceed with fewer than twelve jurors").

 Although the State did not file a motion for rehearing concerning our opinion and judgment issued October 30, 2008, it did file a petition for review to the Court of Criminal Appeals, asserting for the first time that it would be unconstitutional for a trial to proceed with five jurors under the decision by the United States Supreme Court in *Ballew v. Georgia,* 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978). We issue this opinion to address the new argument. The Supreme Court held that "trial on criminal charges before a five-member jury deprived [Ballew] of the right to trial by jury guaranteed by the Sixth and Fourteenth Amendments." *Ballew,* 435 U.S. at 245, 98 S.Ct. at 1041. In *Ballew,* the court determined that the state of Georgia's constitution that provided that all misdemeanor juries must be composed of five people violated the United State's Constitution, which requires a minimum of six people for composition of a misdemeanor jury. *Id.* at 226, 245, 98 S.Ct. at 1032, 1041. *Ballew* is inapplicable to the circumstances before us because Texas conforms to the requirements set forth by the Supreme Court by providing for misdemeanor juries composed of six people. *See* Tex. Const. art. V, § 17; Tex.Code Crim. Proc. Ann. art. 33.01 (Vernon Supp.2008); Tex. Gov't Code Ann. § 62.301 (Vernon 2005); *Ballew,* 435 U.S. at 245, 98 S.Ct. at 1041. Nothing in *Ballew* suggests that a defendant may not knowingly waive his right to a jury composed of six people if he makes a written waiver in person "in open court with the consent and approval of the court, and the attorney representing the State."

Tex.Code Crim. Proc. Ann. art. 1.13(a); *see Ballew,* 435 U.S. at 245, 98 S.Ct. at 1041. Here, appellant *did* ask the court to proceed to trial with fewer than six people, which is distinguishable from the circumstances in *Ballew,* where Ballew requested that the court *not* proceed to trial with fewer than six people. *See Ballew,* 435 U.S. at 225–26, 98 S.Ct. at 1031–32.

We hold the trial court erred by sua sponte declaring a mistrial and that appellant's retrial for driving while intoxicated is barred by double jeopardy. *See id.; Schulman,* 173 S.W. at 1195. We sustain appellant's first issue and therefore need not address the further challenges on the same grounds under the state constitution and the Code of Criminal Procedure.

### Conclusion

We reverse the trial court's order denying habeas corpus relief and remand this cause to the trial court for action consistent with this opinion.