COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-200-CV

 

 

IN THE MATTER OF J.G.C.G.                                                                

 

                                              ------------

 

          FROM COUNTY
COURT AT LAW NO. 1 OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                          I.  Introduction

In this aggravated sexual assault/delinquent
conduct case, J.G.C.G. (hereinafter ABuddy@)
asserts in one issue that the trial court erred by denying his request for a
mistrial after learning that a seated juror was taking a controlled
substance.  We affirm.

                                          II.  Background

After the six-person jury was sworn and seated,
the following exchange took place between the court, a juror, and counsel:








THE COURT: . . .  Do any of you have any medical needs; you
have to eat at a certain time or take medications or anything of that
sort?  All right, Yes, sir?

 

JUROR: I do take pain
medication, and that=s every four hours, so--

 

THE COURT: Every four
hours.  Do you have that medication with
you?

 

JUROR: In the car.

 

THE COURT: At what time
is your next scheduled medication?

 

JUROR: 4:00 o=clock.

 

THE COURT: 4:00 o=clock.  So we=ll need--okay, everybody, those of you who
are--probably be the--Let=s try to keep an eye on
it.

 

JUROR: It=s not--it=s not a real--it=s not like I have to get
it that instant.  I=m just letting you know.

 

THE COURT: But roughly
4:00 o=clock?

 

JUROR: Right.

 

THE COURT: Okay.  No, we need to know that.  And then tomorrow, if you would, please,
write down what your schedule is for tomorrow so the bailiff can keep me
informed about that.

 

JUROR: Okay.

 

THE COURT: We don=t want you to go into
some sort of painful situation.

 

. . .
. 

 

THE COURT: I=m going to ask the jury
to step outside.  I=m going to ask this one
juror with medication to remain in the courtroom for just a minute or two.








THE COURT: Okay.  Now that everybody else is out, will this medication
interfere in any way with your ability to listen?

 

JUROR: No.

 

THE COURT: And--

 

JUROR: No.  I--I=ve been taking it for a couple years, and the
doctor has given it to me for--I had bad foot surgery.

 

THE COURT: Uh-huh.

 

JUROR: And I don=t even--I can=t even tell I=m taking it, quite
honestly, but I can tell when I don=t take it because I hurt.

 

THE COURT: Would you mind
telling us the name of that?

 

JUROR: Hydrocodone and
Lyrica.

 

THE COURT: Okay.

 

JUROR: And Cymbalta.

 

THE COURT: And it doesn=t interfere with your
driving--

 

JUROR: No.

 

THE COURT: --your--

 

JUROR: In fact, I--I
drive for a living, so if it interfered with that, then it would be an issue.

 

THE COURT: Okay.  Return the jury, please.

 

[DEFENSE COUNSEL]: Judge,
I had a motion I--

 

THE COURT: Okay.  Wait. 
I=m sorry.

 

[DEFENSE COUNSEL]: I=d like to make a motion
outside the--








THE COURT: Okay.  Then I=m going to ask you, would you step outside,
please.

 

THE COURT: Okay.  There=s no jury member in the courtroom.

 

[DEFENSE COUNSEL]: Judge,
at this time, due to the mention of these narcotic drugs that were not
mentioned on voir dire by this person that=s been selected for the jury, I=m going to move for a
mistrial because, based on the medication, the cocktail-type of medications
that he=s on--he=s on three different
medications for pain, and I know myself that Hydrocodone is a narcotic drug
that can severely impair judgment, and that because of that, at this time we=re going to respectfully
request a mistrial.

 

THE COURT: Does the State
have any position on this?  Hearing none,
I=m denying the motion. 

 

Also, the next day the following exchanged occurred:

[DEFENSE COUNSEL]: Are we
keeping up with our juror=s pain medication?

 

THE COURT: Yes.  Well, yes. 
I got an e-mail about that.  12:00
noon is when he needs to take his next medication.

 

[DEFENSE COUNSEL]: Thank
you, Judge.

 

(Recess taken) 

 

THE COURT: The bailiff
had informed me that your medication is due at 4:00 o=clock.  Can you take that in about five minutes?

 

JUROR: Yeah.

 

THE COURT: Okay.  We=re going to let the jury exit for about five
minutes.  Go ahead and take care of your
medication.  Then we=ll have you come back in.

 

 








                                          III.  Discussion

A. Standard of Review

We review a trial court=s ruling
on a motion for mistrial for an abuse of discretion.  See Webb v. State, 232 S.W.3d 109, 112
(Tex. Crim. App. 2007).  We view the
evidence in the light most favorable to the trial court=s ruling
and uphold the ruling if it was within the zone of reasonable
disagreement.  Id.  A trial court abuses its discretion in
denying a motion for mistrial only when no reasonable view of the record could
support the ruling.  Id.  The determination of whether a juror is
disabled is also within the discretion of the trial court, and absent an abuse
of that discretion, we will not find reversible error.  See Brooks v. State, 990 S.W.2d 278,
286 (Tex. Crim. App.), cert. denied, 528 U.S. 956 (1999). 

B. Disabled Juror

Buddy frames his complaint in terms of article
35.16 of the Texas Code of Criminal Procedure, entitled AReasons
for Challenge for Cause.@ 
Specifically, Buddy asserts the applicability of article 35.16(a)(5),
which reads in part, 

A challenge for cause is
an objection made to a particular juror, alleging some fact which renders the
juror incapable or unfit to serve on the jury . . . for any one of the
following reasons:

 

5. That the juror has
such . . . bodily or mental defect or disease as to render the juror unfit for
jury service . . . . 

 








Tex. Code Crim. Proc. Ann. art. 35.16(a)(5) (Vernon 2006).  He also refers us to Cordova v. State,
No. 04-03-00639-CR, 2004 WL 2997734, at *1 (Tex. App.CSan
Antonio Dec. 29, 2004, no pet.) (mem. op., not designated for publication),[1]
although he acknowledges that this case is Aclearly
not on point.@








We note that, while the word Ajuror@ is used
throughout chapter 35 of the code of criminal procedure, entitled AFormation
of the Jury,@ it is apparent in context that
the word in article 35.16 refers to prospective jurors and not to seated
jurors.  See State v. Morales,
253 S.W.3d 686, 693 (Tex. Crim. App. 2008) (A[N]othing
in [a]rticle 35.16 expressly requires a trial court to grant a challenge for
cause against a prospective juror . . . .A)
(emphasis added); see also Webb, 232 S.W.3d at 112 (stating that article
35.16(a)(7) is a ground for a challenge for cause of a panelist);
Granados v. State, 85 S.W.3d 217, 230 (Tex. Crim. App. 2002) (discussing
challenges to prospective jurors), cert. denied, 538 U.S. 927 (2003); Feldman
v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002) (same); King v.
State, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000) (same).  Therefore, Buddy=s
argument under article 35.16(a)(5) appears to be inapposite because the juror
in question had already been seated by the time the trial court was apprised of
his medical condition.[2]

However, an accused in a criminal prosecution has
the right to a fair trial by an impartial jury. 
See Tex. Const. art. I, '
10.  When a juror withholds material
information in the voir dire process without fault or lack of diligence by the
complaining party, the parties are denied an opportunity to exercise
challenges, which hampers the selection of an impartial jury.  Franklin v. State, 12 S.W.3d 473, 477B78 (Tex.
Crim. App. 2000); Armstrong v. State, 897 S.W.2d 361, 363 (Tex. Crim.
App. 1995); Salazar v. State, 562 S.W.2d 480, 482 (Tex. Crim. App.
1978).  Therefore, when a juror withholds
material information during voir dire, a mistrial may be appropriate.  See Franklin v. State, 138 S.W.3d 351,
353B54 (Tex.
Crim. App. 2004).








To obtain a reversal on an allegation that a
juror withheld information in voir dire, an appellant must show that material
information was Awithheld@ despite
due diligence exercised by the complaining party, who acted in good faith on
the answers given by a juror in voir dire. 
See Franklin, 12 S.W.3d at 478; De La Rosa v. State, 658
S.W.2d 162, 164 (Tex. Crim. App.), cert. denied, 464 U.S. 865 (1983); see
also Brown v. State, 183 S.W.3d 728, 737 (Tex. App.CHouston
[1st Dist.] 2005, pet. ref=d).  Information is considered to be Awithheld@ when
the defense counsel asked questions in voir dire that were calculated to
uncover material information, and the juror did not reveal the
information.  Jones v. State, 596
S.W.2d 134, 137 (Tex. Crim. App. 1980), overruled on other grounds by Sneed
v. State, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984).  An appellant=s trial
counsel must be diligent in eliciting pertinent information from venire members
during voir dire in an effort to reveal prejudice or potential bias.  Gonzales v. State, 3 S.W.3d 915, 917
(Tex. Crim. App. 1999).  Unless the
defense counsel asks such questions, the material information that a juror
fails to disclose is not Awithheld.@  Id.; Armstrong, 897 S.W.2d at
364.  Furthermore, when the information
withheld is not material and the record does not show that the defendant was
denied an impartial jury or a fair trial, denying a motion for mistrial is not
error.  Decker v. State, 717
S.W.2d 903, 907B08 (Tex. Crim. App. 1986).

C. Analysis

A review of the voir dire in this case does not
reveal any questions posed to the jury panel that would have called upon the
venire to reveal the medical situation that is the basis of this appeal.  See Franklin, 12 S.W.3d at 478.  Hence, the juror did not Awithhold@
material information.













Furthermore, although Buddy failed to raise an
argument under article 36.29 of the code of criminal procedure, regarding
seated jurors who become disabled, we note that even under this provision, the
trial court did not abuse its discretion because the juror indicated to the
trial court that his pain medication did not interfere with his abilities to
listen or to drive (his profession).  See
Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2008).[3]  Buddy=s
counsel did not ask the juror any questions, and hence nothing was developed to
otherwise indicate that the juror was unable to fully and fairly perform his
duties as a juror.  We overrule Buddy=s sole
issue.

                                          IV.  Conclusion

Having overruled Buddy=s sole
issue, we affirm the trial court=s
judgment.

 

BOB
MCCOY

JUSTICE

 

PANEL: GARDNER, WALKER,
and MCCOY, JJ.

 

DELIVERED: April 16, 2009











[1]In Cordova, the
San Antonio Court of Appeals held that the trial court did not abuse its
discretion by granting the State=s challenge for cause of a venireperson who
testified during voir dire that she had a hearing deficiency, that sitting for
extended periods of time caused her pain because of back surgery, and that her
medication made her drowsy, all of which would prevent her from devoting her
full attention to the trial.  2004 WL
2997734, at *1.





[2]We note that the Aabsolute disqualification@ provision in article
35.19 does not apply to article 35.16(a)(5). 
See Tex. Code. Crim. Proc. Ann. art. 35.19 (Vernon 2006).





[3]Under article 36.29, a
juror is disabled if he has a Aphysical illness, mental condition, or emotional
state@ that hinders his ability
to perform his duties as a juror.  Hill
v. State, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002).  This type of disability includes Aany condition that
inhibits a juror from fully and fairly performing the functions of a juror.@  Routier v. State, 112 S.W.3d 554, 588
(Tex. Crim. App. 2003), cert. denied, 541 U.S. 1040 (2004).

 

Although the Code of
Criminal Procedure does not address how a court should proceed when there are
fewer than six remaining jurors in a misdemeanor case due to the disability of
one of the jurors, courts have treated this situation in misdemeanor juries the
same as for felony juries. . . . Thus, when the jury composed of six people is
reduced to five jurors due to a juror becoming disabled, the trial court could either
declare a mistrial, or alternatively, it could proceed to a verdict with the
remaining five jurors if the State and defendant agree.

 

Garza v. State, 276 S.W.3d 646, 651B52 (Tex. App.CHouston [1st Dist.] 2008,
pet. filed) (internal citations omitted). 
While article 36.29 discusses what occurs when a member of a
twelve-person jury becomes disabled, and Buddy was tried before a six-person
jury, we find it sufficiently analogous. 
See id.; see also Dean v. State, No. 01-01-00443-CR, 2002 WL
31122124, at *3 (Tex. App.CHouston [1st Dist.] Sept. 26, 2002, pet. ref=d) (not designated for
publication) (holding that the trial court did not abuse its discretion by
finding that a juror was not disabled when, during trial, the juror became
involved in an altercation that required medical attention and informed the
trial court that he would not be able to focus and pay attention that day, but
that he would be able to pay attention and fairly and impartially perform his
functions as a juror the following day; the trial court postponed the trial
until the following day), cert. denied, 540 U.S. 1019 (2003).