

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-200-CV

IN THE MATTER OF J.G.C.G.

------------

FROM COUNTY COURT AT LAW NO. 1 OF DENTON COUNTY

------------

## OPINION

------------

### I. Introduction

In this aggravated sexual assault/delinquent conduct case, J.G.C.G. (hereinafter "Buddy") asserts in one issue that the trial court erred by denying his request for a mistrial after learning that a seated juror was taking a controlled substance. We affirm.

### II. Background

After the six-person jury was sworn and seated, the following exchange took place between the court, a juror, and counsel:

THE COURT: . . . Do any of you have any medical needs; you have to eat at a certain time or take medications or anything of that sort? All right, Yes, sir?

JUROR: I do take pain medication, and that's every four hours, so--

THE COURT: Every four hours. Do you have that medication with you?

JUROR: In the car.

THE COURT: At what time is your next scheduled medication?

JUROR: 4:00 o'clock.

THE COURT: 4:00 o'clock. So we'll need--okay, everybody, those of you who are--probably be the--Let's try to keep an eye on it.

JUROR: It's not--it's not a real--it's not like I have to get it that instant. I'm just letting you know.

THE COURT: But roughly 4:00 o'clock?

JUROR: Right.

THE COURT: Okay. No, we need to know that. And then tomorrow, if you would, please, write down what your schedule is for tomorrow so the bailiff can keep me informed about that.

JUROR: Okay.

THE COURT: We don't want you to go into some sort of painful situation.

. . . .

THE COURT: I'm going to ask the jury to step outside. I'm going to ask this one juror with medication to remain in the courtroom for just a minute or two.

2

THE COURT: Okay. Now that everybody else is out, will this medication interfere in any way with your ability to listen?

JUROR: No.

THE COURT: And--

JUROR: No. I--I've been taking it for a couple years, and the doctor has given it to me for--I had bad foot surgery.

THE COURT: Uh-huh.

JUROR: And I don't even--I can't even tell I'm taking it, quite honestly, but I can tell when I don't take it because I hurt.

THE COURT: Would you mind telling us the name of that?

JUROR: Hydrocodone and Lyrica.

THE COURT: Okay.

JUROR: And Cymbalta.

THE COURT: And it doesn't interfere with your driving--

JUROR: No.

THE COURT: --your--

JUROR: In fact, I--I drive for a living, so if it interfered with that, then it would be an issue.

THE COURT: Okay. Return the jury, please.

[DEFENSE COUNSEL]: Judge, I had a motion I--

THE COURT: Okay. Wait. I'm sorry.

[DEFENSE COUNSEL]: I'd like to make a motion outside the--

3

THE COURT: Okay. Then I'm going to ask you, would you step outside, please.

THE COURT: Okay. There's no jury member in the courtroom.

[DEFENSE COUNSEL]: Judge, at this time, due to the mention of these narcotic drugs that were not mentioned on voir dire by this person that's been selected for the jury, I'm going to move for a mistrial because, based on the medication, the cocktail-type of medications that he's on--he's on three different medications for pain, and I know myself that Hydrocodone is a narcotic drug that can severely impair judgment, and that because of that, at this time we're going to respectfully request a mistrial.

THE COURT: Does the State have any position on this? Hearing none, I'm denying the motion.

Also, the next day the following exchanged occurred:

[DEFENSE COUNSEL]: Are we keeping up with our juror's pain medication?

THE COURT: Yes. Well, yes. I got an e-mail about that. 12:00 noon is when he needs to take his next medication.

[DEFENSE COUNSEL]: Thank you, Judge.

(Recess taken)

THE COURT: The bailiff had informed me that your medication is due at 4:00 o'clock. Can you take that in about five minutes?

JUROR: Yeah.

THE COURT: Okay. We're going to let the jury exit for about five minutes. Go ahead and take care of your medication. Then we'll have you come back in.

4

## III.  Discussion

### A. Standard of Review

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *See Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it was within the zone of reasonable disagreement. *Id*.  A trial court abuses its discretion in denying a motion for mistrial only when no reasonable view of the record could support the ruling. *Id*.  The determination of whether a juror is disabled is also within the discretion of the trial court, and absent an abuse of that discretion, we will not find reversible error. *See Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App.), *cert. denied*, 528 U.S. 956 (1999).

### B. Disabled Juror

Buddy frames his complaint in terms of article 35.16 of the Texas Code of Criminal Procedure, entitled "Reasons for Challenge for Cause."  Specifically, Buddy asserts the applicability of article 35.16(a)(5), which reads in part,

> A challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury . . . for any one of the following reasons:
>
> > 5. That the juror has such . . . bodily or mental defect or disease as to render the juror unfit for jury service . . . .

5

Tex. Code Crim. Proc. Ann. art. 35.16(a)(5) (Vernon 2006). He also refers us

to *Cordova v. State*, No. 04-03-00639-CR, 2004 WL 2997734, at *1 (Tex.

App.—San Antonio Dec. 29, 2004, no pet.) (mem. op., not designated for

publication),[1] although he acknowledges that this case is "clearly not on point."

We note that, while the word "juror" is used throughout chapter 35 of the

code of criminal procedure, entitled "Formation of the Jury," it is apparent in

context that the word in article 35.16 refers to *prospective* jurors and not to

seated jurors. *See State v. Morales*, 253 S.W.3d 686, 693 (Tex. Crim. App.

2008) ("[N]othing in [a]rticle 35.16 expressly requires a trial court to grant a

challenge for cause against a *prospective* juror . . . .") (emphasis added); *see

also Webb*, 232 S.W.3d at 112 (stating that article 35.16(a)(7) is a ground for

a challenge for cause of a *panelist*); *Granados v. State*, 85 S.W.3d 217, 230

(Tex. Crim. App. 2002) (discussing challenges to prospective jurors), *cert.

denied*, 538 U.S. 927 (2003); *Feldman v. State*, 71 S.W.3d 738, 744 (Tex.

Crim. App. 2002) (same); *King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App.

2000) (same). Therefore, Buddy's argument under article 35.16(a)(5) appears

---

[1] In *Cordova*, the San Antonio Court of Appeals held that the trial court did not abuse its discretion by granting the State's challenge for cause of a venireperson who testified during voir dire that she had a hearing deficiency, that sitting for extended periods of time caused her pain because of back surgery, and that her medication made her drowsy, all of which would prevent her from devoting her full attention to the trial. 2004 WL 2997734, at *1.

to be inapposite because the juror in question had already been seated by the time the trial court was apprised of his medical condition.[2]

However, an accused in a criminal prosecution has the right to a fair trial by an impartial jury. *See* Tex. Const. art. I, § 10. When a juror withholds material information in the voir dire process without fault or lack of diligence by the complaining party, the parties are denied an opportunity to exercise challenges, which hampers the selection of an impartial jury. *Franklin v. State*, 12 S.W.3d 473, 477–78 (Tex. Crim. App. 2000); *Armstrong v. State*, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995); *Salazar v. State*, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978). Therefore, when a juror withholds material information during voir dire, a mistrial may be appropriate. *See Franklin v. State*, 138 S.W.3d 351, 353–54 (Tex. Crim. App. 2004).

To obtain a reversal on an allegation that a juror withheld information in voir dire, an appellant must show that material information was "withheld" despite due diligence exercised by the complaining party, who acted in good faith on the answers given by a juror in voir dire. *See Franklin*, 12 S.W.3d at 478; *De La Rosa v. State*, 658 S.W.2d 162, 164 (Tex. Crim. App.), *cert.*

---

[2] We note that the "absolute disqualification" provision in article 35.19 does not apply to article 35.16(a)(5). *See* Tex. Code. Crim. Proc. Ann. art. 35.19 (Vernon 2006).

*denied*, 464 U.S. 865 (1983); *see also Brown v. State*, 183 S.W.3d 728, 737 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).  Information is considered to be "withheld" when the defense counsel asked questions in voir dire that were calculated to uncover material information, and the juror did not reveal the information.  *Jones v. State*, 596 S.W.2d 134, 137 (Tex. Crim. App. 1980), *overruled on other grounds by Sneed v. State*, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984).  An appellant's trial counsel must be diligent in eliciting pertinent information from venire members during voir dire in an effort to reveal prejudice or potential bias.  *Gonzales v. State*, 3 S.W.3d 915, 917 (Tex. Crim. App. 1999).  Unless the defense counsel asks such questions, the material information that a juror fails to disclose is not "withheld."  *Id.*; *Armstrong*, 897 S.W.2d at 364.  Furthermore, when the information withheld is not material and the record does not show that the defendant was denied an impartial jury or a fair trial, denying a motion for mistrial is not error.  *Decker v. State*, 717 S.W.2d 903, 907–08 (Tex. Crim. App. 1986).

**C. Analysis**

A review of the voir dire in this case does not reveal any questions posed to the jury panel that would have called upon the venire to reveal the medical situation that is the basis of this appeal.  *See Franklin*, 12 S.W.3d at 478. Hence, the juror did not "withhold" material information.

8

Furthermore, although Buddy failed to raise an argument under article 36.29 of the code of criminal procedure, regarding seated jurors who become disabled, we note that even under this provision, the trial court did not abuse its discretion because the juror indicated to the trial court that his pain medication did not interfere with his abilities to listen or to drive (his profession). *See* Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2008).[3]

---

[3] Under article 36.29, a juror is disabled if he has a "physical illness, mental condition, or emotional state" that hinders his ability to perform his duties as a juror. *Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002). This type of disability includes "any condition that inhibits a juror from fully and fairly performing the functions of a juror." *Routier v. State*, 112 S.W.3d 554, 588 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 1040 (2004).

> Although the Code of Criminal Procedure does not address how a court should proceed when there are fewer than six remaining jurors in a misdemeanor case due to the disability of one of the jurors, courts have treated this situation in misdemeanor juries the same as for felony juries. . . . Thus, when the jury composed of six people is reduced to five jurors due to a juror becoming disabled, the trial court could either declare a mistrial, or alternatively, it could proceed to a verdict with the remaining five jurors if the State and defendant agree.

*Garza v. State*, 276 S.W.3d 646, 651–52 (Tex. App.—Houston [1st Dist.] 2008, pet. filed) (internal citations omitted). While article 36.29 discusses what occurs when a member of a twelve-person jury becomes disabled, and Buddy was tried before a six-person jury, we find it sufficiently analogous. *See id.; see also Dean v. State*, No. 01-01-00443-CR, 2002 WL 31122124, at *3 (Tex. App.—Houston [1st Dist.] Sept. 26, 2002, pet. ref'd) (not designated for publication) (holding that the trial court did not abuse its discretion by finding that a juror was not disabled when, during trial, the juror became involved in an altercation that required medical attention and informed the trial court that he

9

Buddy's counsel did not ask the juror any questions, and hence nothing was developed to otherwise indicate that the juror was unable to fully and fairly perform his duties as a juror.  We overrule Buddy's sole issue.

## IV.  Conclusion

Having overruled Buddy's sole issue, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: April 16, 2009

---

would not be able to focus and pay attention that day, but that he would be able to pay attention and fairly and impartially perform his functions as a juror the following day; the trial court postponed the trial until the following day), *cert. denied*, 540 U.S. 1019 (2003).