## I. GINDRAT et al. v. THE STATE.

1. STATEMENT OF FACTS. — The approval and signature of the judge is indispensable to the authentication of a statement of facts. If agreed to and signed by the attorneys alone, it will not be recognized by this court as any part of the record.

2. JURY IN THE COUNTY COURTS. — In a misdemeanor trial in a County Court, one of the six jurors was, by agreement, excused on account of the sickness of his wife, and the remaining five returned a verdict signed by each of them. Held, that in receiving the verdict the court below did not err.

APPEAL from the County Court of San Jacinto. Tried below before the Hon. G. W. McKELLAR, County Judge.

No brief for the appellants.

George McCormick, Assistant Attorney General, for the State.

WHITE, J. Appellants were jointly indicted, tried, and convicted for an aggravated assault upon one Albert Dismon l, and their punishment was assessed at a fine of $100 each.

What purports to be a statement of the facts, though signed and agreed to by the county attorney and counsel for defendants, is not approved and certified by the court, and, therefore, cannot be considered as part of the record in the case (Brooks v. The State, 2 Texas Ct. App. 1), and the inquiry on appeal is limited to the sufficiency of the indictment to sustain the charge of the court and the finding of the jury. Mahl v. The State, 1 Texas Ct. App. 127; Talley v. The State, 1 Texas Ct. App. 688. The indictment and the charge of the court appear to be sufficient. One of the objections, and the only one necessary to be noticed, presented by the assignment of errors is that the verdict was not returned by a legal jury. The facts are that the indictment was transferred from the District Court,

in which it was found, for trial, to the County Court. A jury of six men were duly impaneled to try the cause. The judgment recites that during the progress of the trial one of the jurors was excused, by agreement, on account of the severe illness of his wife. The trial was concluded with five jurors, who returned a verdict which each of them signed. The 19th section of the "Act to organize the County Courts and define their powers and jurisdiction" (Gen. Laws Fifteenth Legislature, 22) provides that "all process, pleading, practice, evidence, procedure, and appeals shall be governed by the laws and rules regulating proceedings in the District Courts, so far as applicable," etc.

The 19th section of the "Act to regulate grand juries and juries in civil and criminal cases in the courts in the state" provides that "no verdict shall be rendered in any cause in the District Court, whereby the rights of any citizen shall be affected, except upon the concurrence of all the jury, unless during the trial one or more jurors, not exceeding three, may die or be disabled from sitting, in which event the remainder of the jury shall have power to render the verdict; but, when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it." Gen. Laws Fifteenth Legislature, 82. And this provision is in harmony with section 13 of article 5 of the Constitution.

Under authority of these statutory provisions, the action of the court in receiving the verdict returned and signed by the five jurors was correct.

We perceive no error in the record of which we are compelled to take notice, and the judgment is, therefore, affirmed.

*Affirmed.*