Opinion issued June 23, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00733-CV

———————————

**KIM-LAN THI VU, Appellant**

**V.**

**TEXAS FAIR PLAN ASSOCIATION, Appellee**

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1156677**

---

## O P I N I O N

This appeal asks whether a civil trial in a Texas county court may proceed, over objection, with only five jurors. Under the plain terms of the Texas Constitution, Article V, Section 17, the answer is no. We therefore reverse. Because we reverse on that issue, we decline to reach the other issues raised.

## BACKGROUND

Kim-Lan Thi Vu sued Texas Fair Plan Association in county court. After jury selection, the county court initially empaneled a jury of six jurors. But after the jury was empaneled and trial began, one of the jurors failed to return to the courthouse. Court personnel tried to reach this juror by telephone, but they could not reach her.

The trial court then asked the parties if they objected to proceeding with five jurors; no alternate juror had been selected. Vu's counsel objected to proceeding with five jurors and moved for a mistrial. The trial court overruled the objection and motion, and trial continued before the five.

The remaining five jurors rendered a defense verdict, and the trial court signed a take-nothing judgment on Vu's claim.

## DISCUSSION

Vu argues that Article V, Section 17 of the Texas Constitution requires a civil jury in a county court to consist of six persons. She asserts that the county court reversibly erred when, over her objection, it allowed just five jurors to hear and decide her case. We agree.

Vu's argument requires us to interpret the Texas Constitution. We interpret the Constitution de novo. *See Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021).

**A.** **Article V, Section 17 of the Texas Constitution requires civil county court juries to consist of six persons—and the provision does not include an absent-juror exception.**

In relevant part, Article V, Section 17 of the Texas Constitution states: "A jury in the County Court shall consist of six persons . . . ." TEX. CONST. art. V, § 17; *see also* TEX. GOV'T CODE § 62.301 (echoing this language and stating: "The jury in the county courts and in the justice courts is composed of six persons except as provided by the constitution or other law.").

When interpreting the Texas Constitution, we apply the Constitution's plain terms, looking to the original meaning of those words (*i.e.*, how those words were understood at the time the provision was ratified). *See, e.g.*, *In re Abbott*, 628 S.W.3d 288, 293 (Tex. 2021) ("Our goal when interpreting the Texas Constitution is to give effect to the plain meaning of the text as it was understood by those who ratified it.").

Article V, Section 17 was ratified in 1876. Since then, the only change in its relevant language—the language quoted above—has been a 2001 amendment substituting "persons" for "men."

The plain language of Article V, Section 17 is unequivocal. Its operative words—"shall," "consist," and "six"—are straightforward and uncontroversial.

Around the time of ratification, "consist" meant "to be composed" of; "shall" was indicative of a command;[1] and "six" simply meant a quantity of six. *See Consist, Shall, & Six*, WEBSTER'S DICTIONARY 1828, https://webstersdictionary1828.com (defining "consist" as "[t]o be composed"; "shall" "implies a promise, command or determination"; and "six" is "[t]he number six or twice three"); JOSEPH WORCESTER, DICTIONARY OF THE ENGLISH LANGUAGE 299, 1321, 1347 (1860) (very similar); *see also State v. Loe*, 692 S.W.3d 215, 245 n.13 (Tex. 2024) (Blacklock, J., concurring) (looking to 1828 *Webster's Dictionary* as informative of meaning of language used in 1876 Texas Constitution). These definitions have remained constant.[2] And no party disputes the meaning of those words. They state plainly that a county court jury shall be composed of six people.

Article V, Section 17 does not provide an exception to the six-person composition requirement when, as here, a juror becomes absent. Nor does any other provision within Article V of the Texas Constitution, which addresses the Judicial

---

[1] *See, e.g.*, *CenterPoint Energy Res. Corp. v. Ramirez*, 640 S.W.3d 205, 220 (Tex. 2022) (referring to use of "shall" in another provision of the Texas Constitution as a "mandate"); *Bosque Disposal Sys., LLC v. Parker Cnty. Appraisal Dist.*, 555 S.W.3d 92, 94–95 (Tex. 2018) (characterizing use of "shall" in two other Texas Constitutional provisions as "constitutional commands").

[2] *See, e.g.*, NEW OXFORD AM. DICTIONARY 371, 1604, 1635 (3d ed. 2010) (defining "consist" as to "be composed or made up of," "shall" as "expressing an instruction or command," and "six" as "equivalent to the product of two and three; one more than five, or four less than ten," such as "a group or unit of six people or things").

Department, enable a county court to proceed with fewer than six jurors, over objection, in a civil trial like this one.

This case does not concern juror unanimity requirements. Nor does this case concern one's ability to waive his or her rights. Instead, here, Vu objected and sought a mistrial on the basis that the Texas Constitution guaranteed her a trial with six jurors present.

Article V, Section 17 of the Texas Constitution required this jury to consist of six persons, and the trial court did not have the authority to proceed to verdict with just five over Vu's objection.

**B.    Article V, Section 13—the analogous provision for juries in district courts—reinforces our interpretation of Section 17.**

A consideration of the analogous constitutional provision addressing juries in district courts—as opposed to county courts—reinforces our conclusion that Article V, Section 17 requires a six-person jury in *county court* civil cases (absent agreement/waiver).

Article V, Section 13 of the Texas Constitution addresses district courts. That provision begins that "[g]rand and petit juries in the District Courts shall be composed of twelve persons." TEX. CONST. art. V, § 13. But unlike Section 17 (addressing county courts), Section 13 (addressing district courts) expressly allows for smaller juries under certain circumstances. It states that "petit juries in a criminal case below the grade of felony shall be composed of six persons." *Id.* And—relevant

5

here—it states that, "[w]hen, pending the trial of any case, *one or more jurors* not exceeding three*, may die, or be disabled* from sitting, *the remainder of the jury shall have the power to render the verdict*; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict." *Id.* (emphasis added).

Section 13—which explicitly allows a *district court* jury to consist of fewer than twelve persons when one or more jurors may die or become disabled while trial is pending—stands in stark contrast to Section 17, which contains no such qualification and instead simply requires that the jury consist of six persons. *See In re Nestle USA, Inc.*, 387 S.W.3d 610, 619–20 (Tex. 2012) ("Different sections, amendments, or provisions of a Constitution which relate to the same subject-matter should be construed together and considered in the light of each other." (citation omitted)); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) ("When the Legislature employs a term in one section of a statute and excludes it in another section, the term should not be implied where excluded.").

In short, Article V, Section 13 expressly authorizes a jury in a district court to render a verdict, despite the jury no longer consisting of twelve persons, when a

6

specified number of jurors die or become disabled.[3] But Article V, Section 17 does not authorize a jury in a county court to proceed with fewer than six jurors when one juror dies or becomes disabled.

Under these circumstances, for us to hold that Article V, Section 17 allowed the county court here to proceed, over objection, with fewer than six jurors, we would have to rewrite Section 17 to change "shall consist of six persons" to "may consist of five persons," adding a death or disability exception to the explicit six-person composition requirement (and, similarly problematic, to do so by adding words that are used in a similar provision of the same Article, just not here). That is not a proper mode of constitutional interpretation. *See LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007) (declining to engraft prohibition onto constitutional language that plain language did not convey).[4]

## C.     Case law is in accord.

We have found only one Texas decision that squarely addresses whether a jury in a county court civil case can consist of fewer than six jurors, over objection,

---

[3]     We express no opinion here on whether the juror actually became disabled. But even assuming so for these purposes, Section 17 contains no language that is similar to Section 13's language.

[4]     This is not an instance in which the relevant constitutional provision, Section 17, is silent on the point. *See Holley v. State*, 14 Tex. Ct. App. 505, 511–12, 515 (1883). Instead, in this context, the text says, unequivocally and without exception, that a county court jury "shall consist of six persons . . . ." TEX. CONST. art. V, § 17.

in the event that one dies or becomes disabled. That decision reached the same conclusion we do.

In *Jackson v. J.A. Coates & Sons, Ltd.*, a jury of six was empaneled in the county court. 43 S.W. 24, 24 (Tex. App.—Dallas 1897, no writ).[5] After the case was submitted to the jury, one juror became sick; the county court discharged the juror, leaving only five jurors to finish deliberating. *Id.* The issue on appeal was whether the Texas Constitution allowed the county court, over objection, to permit the case to be decided by the remaining five. *Id.*

The court of appeals held that the county court erred because Article V, Section 17 "provides that a jury in the county court shall consist of 6 men, but there is no provision made for verdicts being rendered by a less number than 6." *Id.* Just as we do above, the court of appeals contrasted Section 17 with Section 13—the constitutional provision applicable to district courts—noting that unlike Section 17 (applicable here), Section 13 "provides that a jury in the district court shall consist of 12 men; and the article also provides for a verdict being rendered by a less number than 12." *Id.*

---

[5]    *Jackson* was decided by the Court of Civil Appeals. For decisions before 1912, the *South Western Reporter* did not identify the city (district) of the issuing court. TEX. LAW REVIEW ASS'N, TEX. RULES OF FORM: THE GREENBOOK § 4.3.3 (14th ed. 2018) [hereinafter THE GREENBOOK]. But that information can be ascertained. *See id.* at § 4.3.3, App. J. And here, Chief Justice Finley of the Dallas court authored *Jackson. See id.* at App. J.

The court concluded that the Texas Constitution settled the matter: the county court could only proceed with a jury of six. *Id.* at 24–25. It explained: "The question presented is not a mere question of practice. It is one of constitutional right, and where the constitution prescribes that the jury shall be composed of a certain number of men, and does not give authority for a verdict being rendered by a less number, the trial court has no right to authorize such a course over the protest of either of the parties litigant." *Id.* at 25. The court of appeals reversed and remanded. *Id.*[6]

Our decision is in accord. We reach the same conclusion.

We have located a single (nonbinding) Texas decision that suggests—without analysis—the contrary, and we are unpersuaded by that opinion. In *Landmark Organization., L.P. v. Delphini Construction Co.*, the court of appeals noted that Article V, Section 17 requires a jury of six in county court, but the opinion suggested that fewer could decide a case if one became disabled. No. 13-04-00371-CV, 2005 WL 2560022, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 13, 2005, pet. denied). But the court did not engage in any analysis of this issue, likely because this issue was not actually before it. There, a juror briefly overslept but returned to court—and the case was ultimately submitted to and decided by all six jurors. *Id.* at

---

[6]     *See also McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995) ("Denial of the constitutional right to trial by jury constitutes reversible error. Depriving the McDaniels of a full jury of twelve members, absent an exception authorized by the constitution or applicable rules, is a denial of the right to jury trial guaranteed by the Texas Constitution.") (internal citation omitted).

*1–2. So the question was not the same as the one before us. In light of the constitutional terms discussed above, and consistent with *Jackson*, we find *Landmark Organization* to be unpersuasive on the issue of whether a county court can proceed, over objection, with a jury of five when one juror becomes disabled. *See EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572, 577 (Tex. 2018) (if "case law contradicts the constitution's plain text, [that] case law is wrong").

Finally, Texas Fair Plan Association points us to *Gindrat v. State* as a decision holding that five jurors may render a verdict in county court when the sixth juror is discharged due to disability. *See* 3 Tex. Ct. App. 573, 574 (1878) (criminal case).[7] But there, the court did not examine (or even mention) Article V, Section 17 of the Texas Constitution. Moreover, in that case, the county court, with *the agreement of the parties*, discharged one of six jurors during a criminal trial when his wife became ill, and the case was then decided by the remaining five. *Id*.

Modern criminal decisions have examined parties' ability to agree to proceed when a juror becomes disabled. *See, e.g.*, *Garza v. State*, 276 S.W.3d 646, 652 (Tex. App.—Houston [1st Dist.] 2008) ("[W]hen the jury composed of six people is reduced to five jurors due to a juror becoming disabled, the trial court could either

---

[7] *Gindrat* was decided by the Texas Court of Appeals, which was later replaced by the Texas Court of Criminal Appeals. *See* THE GREENBOOK § 3.3 Hist. Note.

declare a mistrial, or alternatively, it could proceed to a verdict with the remaining five jurors *if the State and defendant agree*." (emphasis added)), *aff'd*, 337 S.W.3d 903 (Tex. Crim. App. 2011). Civil cases have likewise addressed the ability to agree to waive jury trial rights. *See, e.g.*, *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 130–33 (Tex. 2004) (parties may contractually waive right to jury trial).

Here, we are not faced with parties agreeing to proceed with just five jurors. This appeal does not concern any question about when or to what extent a party may waive rights as to jury trials. Instead, Vu did not agree; she objected.

## D.     Rule 292 of the Texas Rules of Civil Procedure is not to the contrary.

Finally, to the extent Texas Fair Plan Association argues that Rule 292 of the Texas Rules of Civil Procedure authorized the five-person jury here over objection, we disagree. Rule 292 both cannot do so and does not do so.

The Texas Constitution "is the supreme law of the state." *Dickson v. Strickland*, 265 S.W. 1012, 1021 (Tex. 1924). Other law—whether statutes, rules, or the common law—cannot contradict the Texas Constitution. *See id.* If Rule 292 authorized the county court jury to consist of fewer than six jurors under the circumstances of this case, Rule 292 would be unconstitutional. *See id.*; *see also Paxton v. Annunciation House, Inc.*, 719 S.W.3d 555, 578 (Tex. 2025) (when there is ambiguity, courts should interpret statutes in a way that avoids constitutional infirmities).

In any event, Rule 292 does not conflict with Article V, Section 17 of the Texas Constitution. Rule 292, which governs civil practice in both district courts and county courts, provides that, with the exception of an award of exemplary damages, a verdict may be rendered "by the concurrence" (*i.e.*, agreement)[8] of ten members of a twelve-person jury or five members of a six-person jury. TEX. R. CIV. P. 292. That is, the rule addresses non-unanimous verdicts. This language in Rule 292 does not authorize county court civil juries, over objection, to *consist* of only five jurors—directly contrary to the language of Section 17.

Rule 292 goes on to address death and disability, and it states: "[W]here as many as three jurors die or be disabled from sitting and there are only nine of the jurors remaining of an original jury of twelve, those remaining may render and return a verdict." TEX. R. CIV. P. 292(a). But this language is specific to twelve-person juries, and it mirrors Article V, Section 13 of the Texas Constitution concerning district court juries. *See* TEX. CONST. art. V, § 13 (addressing district court juries and stating that "[w]hen, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict"). Nothing in this language allows a five-person jury in

---

8    The phrase "by the concurrence" first appeared in Rule 292 when the rule was amended by order on October 3, 1972. "Concurrence" means "agreement." *See* THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 277 (1969) (defining "concurrence" as "[a]greement in opinion; accordance").

county courts, over objection. And notably, like Article V, Section 17, Rule 292 does *not* contain any similar provision for death or disability of jurors as to *six-person* juries in county court; instead, its language concerning death or disability is limited to twelve-person juries.

Rule 292 is not inconsistent with Section 17.

**E.      Because we reverse the judgment and remand for a new trial, resolution of the dispute about sanctions would be premature.**

Vu also appeals from two pretrial orders imposing discovery sanctions that became appealable when they merged into the trial court's final judgment. Sanction awards are necessarily fact-sensitive decisions. Moreover, the trial court conceivably could have reevaluated these orders had the verdict differed. *See First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 82 (Tex. 2025) (trial court has power to reconsider interlocutory order before final judgment). Under the circumstances where we reverse and remand for a new trial, and consistent with Vu's counsel's position during oral argument that we need not reach Vu's complaints about sanctions should we reverse the judgment, we conclude that resolution of the parties' dispute about pretrial sanctions would be premature. *See Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 55 (Tex. 2021) (reversal and possibility of different outcome made resolving sanctions dispute premature).

## CONCLUSION

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with our opinion. *See* TEX. R. APP. P. 43.2(d).

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.